# BENNINGTON COUNTY,

## FEBRUARY TERM, 1879.

[CONTINUED FROM VOL. 51, PAGE 477.]

---

### HENRY G. BREESE *v.* KATE McCANN.

*Landlord and Tenant. Right to Re-enter. Ejectment. Gen. Sts. c. 46 ss. 22, 23. Practice. Waiver.*

In ejectment under ss. 22, 23, c. 46, Gen. Sts. for premises of which defendant was in possession under a parol lease, but for which she refused to pay a certain installment of rent, the evidence on the part of defendant, which was introduced without objection, tended to prove that plaintiff agreed in the contract of letting to make certain alterations in the premises which he had not made, and that by reason of his failure therein the use of the premises had been worth less than they otherwise would have been by a sum greater than the amount of the rent in arrear. There was evidence on the part of plaintiff, also introduced without objection, that tended to prove that there was no such agreement. It appeared that defendant had paid rent for several months before refusing to pay the sum in arrear. *Held*, that defendant had a right to recoup the damages occasioned by non-performance of the alleged agreement ; that she did not waive that right by paying rent ; that it was incumbent on plaintiff to show rent in arrear when action was brought; and that it was erroneous to direct a verdict.

There was also evidence on the part of plaintiff tending to show that it was agreed that he should have the right to re-enter on default in payment of rent, which was opposed by evidence to the contrary on the part of defendant. *Held*, that that question also should have been submitted to the jury, as, if determined in the affirmative, it would be conclusive, if there was rent in arrear, of plaintiff's right to maintain the action.

EJECTMENT under ss. 22, 23, c. 46, Gen. Sts. brought before a justice on a writ dated September 21, 1877, and brought up on appeal. Plea, general issue, and trial by jury, December Term, 1878, DUNTON, J., presiding.

It appeared that on or about February 22, 1877, the plaintiff, in a conversation then had with the defendant, agreed to let the

demanded premises to her for a year from April 1, then next, at $30 per month, the first month's rent payable on March 15, and the rent thereafter payable monthly in advance ; that the defendant went into possession and paid rent to and including the payment for August 1, after which she refused to pay, but remained in possession ; although the plaintiff's agent called at the premises and demanded the rent then due. No other demand of the premises was ever made.

The evidence on the part of the defendant tended to show that the plaintiff agreed in that conversation and as a part of the contract of letting, to finish off the attic on said premises into four rooms, if the defendant desired, for one tenth of the cost thereof to be paid by the defendant ; that the plaintiff did not finish off the attic as he had agreed to do, although the defendant had requested him to do so, and had offered him one tenth of the cost thereof ; that by reason thereof the rent of the premises had been worth only $18 per month to her, whereas if the attic had been finished as agreed it would have been worth $30, as she hired the premises for keeping boarders, but had been unable to keep any for the want of proper sleeping rooms ; that she did not agree to quit the premises on non-payment of the rent ; that the plaintiff brought an action of ejectment in July, 1877, for default in payment of rent on June 1 and July 1, when on the assurance of the plaintiff's attorney that the alterations should be made, she paid the rent then due ; and that she refused to pay on September 1, because the plaintiff had not done as he agreed to do.

The evidence introduced on the part of the plaintiff tended to show that there was no agreement for any alteration except the laying of a floor in the attic, which had been laid, but that the plaintiff did say that he would finish off the attic into four rooms for one tenth of the cost thereof, provided the defendant paid her rent promptly and kept an orderly house ; and that it was agreed that if the defendant failed to pay any part of the rent when due, she should quit the premises and permit the plaintiff to enter. The plaintiff's attorney was called as a witness, and denied giving the defendant any assurance that the alterations should be made ; and the plaintiff denied that the defendant offered him a tenth of the

cost of the four rooms, but he admitted that she offered to pay something towards the same.

The court, *pro forma*, directed a verdict for the plaintiff, and charged that if the jury should find it to have been agreed that the plaintiff should finish off the attic as alleged, they should deduct from the rents otherwise due at the time of trial, such sum as the premises were worth less by reason of the non-performance of that agreement from the time it should have been performed to the time of trial.

To the directing of a verdict and to the charge stated, the defendant excepted.

The jury found that the plaintiff agreed as alleged, that the premises were worth less by reason of the non-performance of that agreement to the time of trial the sum of $107.62, and, as the rent due at the time of trial was conceded to be $451.31, they returned a verdict for 343.69.

*J. K. Batchelder*, for the defendant.

It was erroneous to direct a verdict. It should have been submitted to the jury to find whether it was agreed that the lease should be forfeited by a failure to pay rent. This action can be maintained only where the defendant holds without right. Gen. Sts. c. 46, s. 22; *Hadley* v. *Havens*, 24 Vt. 520. Actions like this are not referred to by s. 14, c. 40, Gen. Sts. Besides, the defendant had a right to offset or recoup the damages suffered by reason of non-performance of the agreement on the part of the plaintiff. *Keyes* v. *Slate Co.* 34 Vt. 81; Tayl. Landl. & Ten. ss. 331, 374. If the damages that had accrued when suit was brought equalled the month's rent then due, the verdict should have been for the defendant. It cannot be said that the defendant waived her claim for damages by occupying or paying rent.

*Gardner & Harmon*, for the plaintiff.

The stipulation in the lease for a right to re-enter on non-payment of the rent, which was necessary at common law, is unnecessary under our statutes. Rev. Sts. c. 35, s. 14; Sts. 1842, No. 39, ss. 1, 2–6; Sts. 1850, No. 17; *Hadley* v. *Havens*, 24 Vt. 520; Gen. Sts. c. 40, s. 14.

The court doubtless erred in directing a verdict, but the error was favorable to the defendant. The tenant, in the absence of an agreement to repair or complete the premises, takes them as he finds them. Mere neglect to repair is not an eviction. 1 Washb. Real Prop. 342; *Wright* v. *Lattin*, 38 Ill. 293. When not evicted, the tenant is bound to pay rent. *Alger* v. *Kennedy*, 49 Vt. 109, 118.

The defendant cannot set-off or recoup her damages in this action, which is brought to recover possession, nor under these pleadings. Set-off should at least have been pleaded. 1 Washb. Real. Prop. 342; *Barnum* v. *Keeler*, 33 Conn. 209; *Borden* v. *Sackett*, 113 Mass. 214.

The opinion of the court was delivered by

ROYCE, J. This was an action of ejectment brought before a justice of the peace under sections 22, 23, c. 46, Gen. Sts. The only exception taken by the defendant was to the *pro-forma* ruling of the court directing a verdict for the plaintiff, and to that portion of the charge detailed in the exceptions. No exception appears to have been taken by the plaintiff. The exception to the charge is not now insisted upon. Was there error in directing a verdict for the plaintiff? In determining that question it is necessary to examine the theory upon which the case was tried, and the facts found by the jury. Both parties upon the trial without objection introduced evidence tending to show what the contract was that was made between the parties at the time the premises were leased. The rent, it is agreed, was to be $30 a month. But the defendant's evidence tended to show that, as a part of the consideration for her agreement to pay said rent, the plaintiff was to make certain improvements upon the property, which have not been made; and that, in consequence of their not having been made, the use of the premises had not been worth $30 a month during the time she occupied them down to the commencement of this suit, and in fact had been worth only $18 a month. The rent was paid to the first of August. The defendant refused to pay the rent due on the first of September, because the plaintiff had

not done as he agreed; and claimed that the damage she had sustained on account of the improvements not having been made was more than the unpaid rent for that month. The plaintiff's evidence tended to show that he made all the improvements upon the property that he agreed to make. The jury found specially that plaintiff did agree to make the improvements upon the property that the defendant's evidence tended to show. The court charged the jury that in ascertaining the amount due to the plaintiff at the time of trial, they should deduct from the rent that would be otherwise due, such sum as the premises were worth less than they would have been if the improvements had been made upon them that the plaintiff agreed to make. The jury did make the deduction as directed, but it was not so made as to enable this court to render a final judgment. It was incumbent upon the plaintiff to show that there was rent in arrear at the commencement of his action; and it was the right of the defendant to oppose any such claim of the plaintiff by proof that there was no rent due. The defendant's evidence tended to show that the premises while she occupied them, down to the 1st of September were worth $12 a month less than they would have been if the improvements had been made. Upon that basis of estimating the rent that she was under obligation to pay, she had more than paid the rent due the 1st of September. It was the right of the defendant to have that evidence submitted to the jury upon the question as to whether there was any rent due to the plaintiff at the time he commenced his action, unless she waived that right by the payment of rent due August 1st; and we do not think that the payment of the rent claimed at that time can be treated as a legal waiver of her right to recoup the damages she had sustained resulting from a breach of the contract under which the rent was claimed. Hence it was error to direct a verdict.

The testimony upon the question as to whether the plaintiff by the contract had the right to re-enter upon the failure of the defendant to pay any installment of the rent was conflicting, and should have been submitted to the jury. If determined in the affirmative, it would be conclusive of the right to maintain the action, if there was rent in arrear.

Landgrove v. Plymouth.

The question raised as to the right of the plaintiff to maintain the action without proving such a stipulation, we do not decide. The case was heard by only three judges, and we have not come to a perfect agreement upon the question.

*Judgment reversed, and cause remanded.*