Varner et al. v. Rice et al.

VARNER ET AL. V. RICE ET AL.

1. LANDLORD'S LIEN:  *Not assignable.*
   A landlord's lien for rent is for his personal benefit, and does not pass to an assignee of the rent debt.

2. SAME:  *When rent note collaterally transferred:  Parties.*
   When a note for rent is, by consent of all parties, executed by the tenant to a creditor of the landlord to be held as collateral security for a debt, and it is afterwards re-delivered by the creditor to the landlord, this revives the landlord's lien which before was dormant, and unites in him the debt and the right to enforce satisfaction out of the crop; and in the action the payee in the note may well be made a party for the protection of the tenant.

3. SAME:  *Note for rent and hire of stock.*
   A note given for rent of land, and hire of stock and farming tools, is a lien only for the rent, and an attachment of the crop will be sustained only for the amount of the rent.

4. LANDLORD AND TENANT:  *Damages from landlord's failure to repair; recoupment.*
   In an action for rent, the tenant may recoup damages for the landlord's breach of covenant to repair, to the amount it would have cost the tenant to make the repairs, but not for indirect and consequential damages, such as the destruction of crops by the trespasses of cattle.

APPEAL from *Lincoln* Circuit Court.

Hon. X. J. PINDALL, Circuit Judge.

*Met. L. Jones* and *Martin & Martin*, for appellants:

The bringing of the suit by W. F. and making John A. Varner defendant were proper.  (*Gantt's Digest, sec. 4476.*) When brought in, John A. had a right to be made party plaintiff.  (*Ib., sec. 4475; Newman Pl. and Pr., p. 59–61; Allen v. Thomas, 3 Metc., 198.*)  W. F., *as landlord*, had the right to sue, and there can be no doubt as to he and John

A. jointly maintaining the suit.    *Crawley v. Riggs, 24 Ark.;*
*Buckner v. Carlton, 28 Ark.; Reynolds v. West, 32 Ark.*

The claim for rent was not *merged* in the note to John A.
A *lien* for rent can not be merged in a mere promise to pay;
a greater into a less.    *Evansville G. L. Co. v. State; Am.*
*Law Rev., October, 1881, p. 676,* and note.

*L. A. Pindall,* for appellees:

W. F. Varner could not maintain the action, because he
had no debt; no rent was due him.    (*Sec. 4101, Gantt's*
*Digest.*)    He was required to give bond to prove *his debt and*
*his lien* in a *trial at law.    Sec. 4102.*

John A. had no lien; he was not the *landlord.    (Sec.*
*4098.*)    No lien was reserved in the contract, and the statu-
tory lien does not pass to an assignee.    (*Roberts v. Jacks, 31*
*Ark., 597; Nolan v. Royston, 36 ib., 561.*)    The landlord's
lien is exclusively a legal lien created by statute to be en-
forced by the *landlord only* and by *a law proceeding.    Craw-*
*ley v. Riggs* and *Carlton v. Buckner* not applicable.

The note was partially for personal property, and as to
this there was no landlord's lien.

The execution of the note to John A. was a waiver of
any lien.

SMITH, J.    W. F. Varner leased his plantation and hired
his mules, horses, wagons and farming utensils to Rice and
Searcy for the year 1879.    The rent and hire reserved was
$1,950.    And as the landlord was indebted to John A.
Varner, a note for this sum was made payable to the said
John A., and falling due December 31, 1879.    Before ma-
turity of the note, W. F. Varner brought this action and
sued out an attachment to enforce his landlord's lien upon
the crops raised upon the demised premises.    He alleged
that, at the date of said lease, he was indebted to John A.,

Varner et al. v. Rice et al.

and the note was made payable to him as collateral security for the debt, and that it was so understood and agreed to by all parties to the transaction. As this allegation was not controverted by the answer, it must be taken to be true. John A. was made a defendant, and was called upon to disclose his interest in the note. He entered a disclaimer, and his name was then stricken out as a defendant and he was permitted to join as a co-plaintiff.

The attachment had been levied upon the cotton raised on the plantation during that year, but the defendants executed a forthcoming bond and retained possession of it.

The answer admitted a debt due in part for rent, but denied the existence of any lien. It did not deny that W. F. Varner was the holder and owner of the note, but only that they had not agreed to pay him, and insisted that the debt was merged in the obligation that was taken.

The cause was submitted to the court sitting as a jury, which found in effect that W. F. Varner had no cause for action, he not being the payee or indorsee of the paper; and that John A. had no lien, the relation of landlord and tenant not subsisting between him and the defendants. The attachment was accordingly dissolved and the action dismissed as having been prematurely brought.

1. Landlord's lien, not assignable.  The landlord's lien for rent is for his personal benefit, and does not pass to an assignee of the debt. *Roberts v. Jacks, 31 Ark., 597.*

2. Same: When rent note collaterally transferred.  Although John A. Varner held no lien while the note was in his hands, yet the effect of the re-delivery of the note to the landlord was to revive the dormant lien and to unite in W. F. Varner the debt and the right to enforce satisfaction out of the crop. *Bernays v. Field, 29 Ark., 218.*

It was not necessary that W. F. Varner should have been either the payee or indorsee of the note. After the

interest which John A. had in it was satisfied, he may be considered as the agent of the real owner. *Nolen v. Royston, 36 Ark., 561; Dickinson v. Burr, 15 ib., 372.*

It was proper, however, for the protection of the defendants that John A. Varner should have been before the court. And we perceive no objection to his joinder as a plaintiff.

There is, of course, no lien upon the crops for hire of the personal property which the defendants received along with the plantation. In the answer it was alleged that the use of it was worth a certain sum of money. And the value of such use must be deducted from the amount for which the lien is to be enforced.

3. Note for rent and hire of stock, lien only for rent.

Also, if the landlord failed to repair the fences, according to his covenant contained in the written lease, the defendants may recoup as damages what it would have cost them to make such repairs, but not the indirect and consequential damages flowing from such failure to repair, such as the destruction of crops by the trespasses of cattle.

Reversed and remanded for a new trial.