(16 Misc. Rep. 1.)

## LYNCH v. SAUER.

(Supreme Court, Appellate Term, First Department. February 26, 1896.)

1. LANDLORD AND TENANT—REPUDIATION OF LEASE.
    One who went into possession of premises under a lease, and continued in possession, paying rent, for nearly three years, with full knowledge of the facts, claimed to constitute duress and fraud, by reason of which he signed the lease, could not, in an action for rent due under the lease, set up defenses based on such facts.

2. SAME—COVENANT OF QUIET ENJOYMENT—BREACH.
    Evidence that an action of ejectment was commenced against the lessee, to dispossess him of the premises, did not show a breach of the lessor's covenant of quiet enjoyment, in the absence of a showing that the lessee was evicted.

3. MISREPRESENTATION—WHAT CONSTITUTES.
    A misrepresentation which consisted of the lessor's breach of promise to make future improvements on the leased premises could not be set up as a fraud, in an action for the rent.

4. LANDLORD AND TENANT—REPAIRS—ABANDONMENT.
    The fact that the lease, while enumerating the repairs which the lessee should make on the premises, made no mention of repairs to the roof of the leased building, afforded no ground for the tenant's claim that he was not to keep the roof in repair, since repairs to the roof are ordinary repairs, which it is the tenant's duty to make, and the tenant was, hence, not justified in neglecting to make them, and thereafter abandoning the premises as uninhabitable.

5. SAME—CONDITION PRECEDENT—WAIVER.

 Where the lessor's agreement to make improvements on the leased premises, and to accept rent merely nominal until the lessee's business should become profitable, was a condition precedent to the taking effect of the lease, it was waived by the lessee's paying full rent from commencement of the term, and continuing in possession.

 Appeal from city court of New York, general term.

 Action by Sarah Lynch against George W. Sauer, on a lease, for rent. From an affirmance by the general term of the city court (35 N. Y. Supp. 715) of a judgment for plaintiff, defendant appeals. Affirmed.

 The lease in action was made in April, 1890, for the term of five years from May 1, 1890, of premises on the easterly side of Eighth avenue, 835.66 feet north of the northeast corner of said avenue and 155th street, running thence northeasterly to the bulkhead line of the Harlem river, thence 165 feet along the bulkhead, thence to the easterly line of Eighth avenue, and thence southerly 263 feet to the place of beginning. The rent recovered was for eight months from April 1, 1893.

 Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

 George M. Curtis and Metzger & Tabor, for appellant.

 Henry E. Howland and Anderson, Howland & Murray, for respondent.

 DALY, P. J. After enjoying the demised premises and paying rent for 2 years and 11 months under his lease for 5 years, the lessee, upon being sued for rent subsequently accruing, interposes as a defense that the lease was procured from him by duress and misrepresentations, and counterclaims damages by reason of the alleged fraud by which he was induced to enter into the lease and expend money on the premises. After so long an acquiescence, these defenses are not available. It was his duty to promptly repudiate the agreement into which he had been induced to enter by duress or fraud; and his failure to do so, and continuing in possession and paying rent for nearly three years after he had full knowledge of the facts constituting the duress and fraud, is a complete ratification of the contract. Oregon Pac. R. Co. v. Forrest, 128 N. Y. 83, 28 N. E. 137; Gould v. Bank, 86 N. Y. 82.

 But, even as alleged in the answer, the counterclaim for alleged fraud is groundless. It is first alleged that the lessor falsely represented herself to be the owner in fee of the premises, and had perfect title thereto, and that the defendant, believing it to be true, expended $5,000 in improvements thereon; that the representation was false; and that third parties instituted an action in ejectment, to dispossess the plaintiff. But it is not alleged that he was ever ejected, or suffered the loss of the sum so expended. An eviction is necessary to constitute a breach of the covenant of quiet enjoyment. Boreel v. Lawton, 90 N. Y. 293.

 It is next alleged that the defendant was induced to expend the sum of $5,000 (evidently the same expenditure already referred to) on the premises by representations of the plaintiff that she would make large and extensive improvements upon the property, and build a dock as a landing place for boats and vessels, and that the

rent should be only nominal until the defendant would succeed in establishing a profitable business; that after his said expenditure the plaintiff threatened to dispossess the defendant unless he would sign the lease sued on, and its execution was obtained by fraud, duress, and misrepresentations; and that the plaintiff failed to make and complete said improvements. The misrepresentation here alleged is a promise to make improvements, and it is well settled that a promise to do a future act cannot be set up as a fraud. 8 Am. & Eng. Enc. Law, 637. Where representations are promissory, there is nothing in them on which to found an action ex delicto. Sparmann v. Keim, 9 Abb. N. C. 4.

Finally, it is alleged that about April, 1893, and before the rent sued for became due, the premises became untenantable, by reason of the dilapidation of the roof, and that defendant was consequently evicted, and compelled to abandon the premises. There is no allegation that the lessor agreed to keep the roof in repair, and, by reference to the lease, no such covenant is found. On the contrary, the lessee agrees to take good care of the building upon the premises, and to suffer no waste, and to make certain specified repairs. The enumeration of those specific repairs in the lease affords no ground for claiming that he was not to make repairs to the roof; for those are ordinary repairs, which it is the duty of the tenant to make, and he is not justified in neglecting to make them, and thereafter abandoning the premises as uninhabitable. Suydam v. Jackson, 54 N. Y. 450.

It is urged by the appellant that the agreement to make improvements upon the property, and that the rent should be only nominal until the lessee's business became profitable, was a condition precedent to the taking effect of the lease. But the defendant, by the paying of the rent from the commencement of the term, has recognized the validity of the lease, and waived the condition, if any could be claimed upon the facts.

Judgment and order appealed from affirmed, with costs. All concur.

