CHARLES M. HAUSMAN v. PETER MULHERAN.[1]

April 26, 1897.

Nos. 10,303—(20).

### Landlord and Tenant—Action for Rent—Inconsistent Pleadings.

In an action by a landlord against a tenant to recover rent, there is no inconsistency between an admission in the answer that the defendant is indebted for rent, and a counterclaim for repairs made by the defendant for which the plaintiff agreed to pay him.

### Same—Time of Raising Objections.

Complaint *held* good as against an objection raised for the first time on the trial.

### Same—Pleadings and Proof.

The reasonable value of the repairs being in issue, it was not error to permit the defendant to testify what he paid for them, and that the prices paid were fair and reasonable.

Appeal by plaintiff from an order of the district court for Hennepin county, Smith, J., denying a motion for a new trial.

*Geist & Eggers*, for appellant.
*J. T. Hutchinson*, for respondent.

MITCHELL, J. 1. There was no inconsistency between the admission in the answer that there was due from defendant to plaintiff a certain sum for rent, and the counterclaim for a larger sum for repairs on the building made by defendant under plaintiff's agreement to pay and reimburse him therefor.

2. The allegations of the answer are that the agreement was that defendant should make repairs "where repairs should and might become necessary"; that, "in pursuance of said agreement," the defendant made certain repairs, and expended in so doing a specified amount. The point was made on the trial that the counterclaim in the answer did not state a cause of action, because it did not allege that the repairs were necessary. As against an objection raised for

1 Reported in 70 N. W. 866.

the first time on the trial, we think the answer was properly held good.

3. There was no error in permitting the defendant to testify what he paid out for the repairs, accompanied by his testimony that those prices were fair and reasonable.

4. Whatever may be thought as to the preponderance of evidence, it was sufficient to justify the verdict.

Order affirmed.