# CHARLESTON.

CHEUVRONT *v.* BEE *et al.*

(ENGLISH, PRESIDENT, *dissenting.*)

Submitted June 11, 1897—Decided November 27, 1897.

1. ACTION ON NOTE—*Pleading—Consideration—Evidence.*
    In an action of debt, on a promissory note, the plaintiff need not aver in the declaration, or prove, consideration, but the defendant may go into evidence touching consideration. *Peasley* v. *Boatwright*, 2 Leigh, 195. (p. 104).

2. LANDLORD AND TENANT—*Repairs—Contract—Recoupment.*
    If a landlord covenants to make repairs to premises, the tenant may notify him to do so; and, if he fails or refuses to comply with such covenant, the tenant may make the repairs, and, in an action instituted by the landlord, may recoup the same as offsets or payment against the rent demanded. (p. 106).

Error to Circuit Court, Doddridge County.

Action by Joseph Cheuvront against M. C. Bee and others. Judgment for plaintiff. Defendants bring error.

*Reversed.*

WILLIS & STUCKE and J. V. BLAIR, for plaintiffs in error.

W. S. STUART, for defendant in error.

DENT, JUDGE:

Joseph Cheuvront, plaintiff, instituted an action of debt upon a promissary note of three hundred dollars, due for rent of the Grant House, bearing date October 3, 1892, against M. C. Bee *et al.*, defendants, in the circuit court of Doddridge county, and obtained a judgment thereon for the sum of one hundred and sixty-nine dollars and seventy-nine cents. Defendants obtained a writ of error, and now rely on the following assignments: (1) The court erred in overruling the demurrer to the declaration; (2) in rejecting the two special pleas tendered by defendants; (3) in refusing to admit the testimony offered by defendants; (4) in overruling the motion to set aside the verdict and grant defendants a new trial.

The only matter urged in support of the first assignment is the failure to allege a consideration for the note. This is wholly unncessary. Bart. Law Prac. p. 106, § 12; *Peasley* v. *Boatwright*, 2 Leigh, 195; *State* v. *Harmon*, 15 W. Va., 122. Part of the syllabus in the first case cited is, "In debt on promissory note, held, plaintiff need not aver in declaration, or prove, consideration, though defendant may go into evidence touching consideration."

The last three assignments are all dependent on the same legal questions, and therefore can all be considered together. The defendants, in their special pleas, set out that the consideration for the note in controversy was for rent of an hotel, secured by a lease, in which the plaintiff had covenanted to repair; that he failed to do so; that defendant M. C. Bee notified him to make the repairs, and, having waited a reasonable time, made them himself,—and asked that the same, fully itemized, might be offset against the rent. To the plea of payment was also attached an itemized account of these repairs, but the court refused to allow any evidence in relation thereto to go to the jury. The sole question thus presented was as to whether defendants had the right to have recouped against the rent the repairs made by them, which the landlord had stipu-

lated and covenanted to make. If so, the pleas tendered were a sufficient notice of recoupment, and should not have been rejected, and the evidence in support of them should have been admitted. The plea of recoupment need not be in any particular form, so that it is sufficient to give the plaintiff full notice of the various items of damages relied on by defendants. Nor is it necessary to be verified by affidavit, as required in case of pleas under s. 5, c. 126, Code. It is in its nature a plea of limited offset, and yet it may include unliquidated damages, but it is wholly confined to the transaction which gave rise to the rent demanded. In 12 Am. & Eng. Enc. Law, 748, the law as to landlords is stated as follows: "Where the landlord has agreed to repair, and does not do so, it is no defense in an action to recover the rent. The tenant's remedy in such case is an action on the landlord's covenant to repair, or he may set off or counterclaim his damages, or he may make the repairs himself, on failure of the landlord after a notice, and deduct the costs from the rent, or he may abandon the premises if the repairs are not made at the time agreed upon, provided he does so at once after default of the landlord." Tayl. Landl. & Ten. § 330; 1 Ping. Real Prop. 609, 612; 6 Rob. Prac. 399; Wat. Set-Off, 592; 22 Am. & Eng. Enc. Law, 343; *Lindley* v. *Miller*, 67 Ill. 244; *Burroughs* v. *Clancey*, 53 Ill. 30; *Holbrook* v. *Young*, 108 Mass. 83; *Lewis* v. *Chisholm*, 68 Ga. 40; *Block* v. *Ebner*, 54 Ind. 544; *Kiernan* v. *Germain*, 61 Miss. 498; *Mayor, etc.* v. *Cooper*, 49 N. Y. Super. Ct. 409; *Prescott* v. *Otterstatter*, 85 Pa. St. 534; *Calhoun* v. *Pace*, 37 Tex. 454; *Vandergrift* v. *Abbott*, 75 Ala. 487; *Varner* v. *Rice*, 39 Ark. 344; *Breese* v. *McCann*, 52 Vt. 498. "Where a landlord has agreed to repair the demised premises, and does not do so, the tenant has several remedies. He may abandon the premises, if by reason of the nonrepair they are rendered untenantable, or he may make the repairs, and deduct the cost from the rent. The tenant may also sue for damages." 12 Am. & Eng. Enc. Law, 727. *Id.* 1003: "The landlord is not bound to make repairs unless he covenants in the lease to make them. But when he does covenant to make repairs, and no time is specified in which to make them, he must make them within a reasonable time, so that the lessee may have the bene-

fit of them; or, if the lessor fails or refuses to make repairs after he has covenanted to do so, the tenant may make them, and recover the expense from the landlord." Where the landlord covenants to repair, and neglects to do so, after having been notified, the tenant may, after a reasonable time, make the repairs, and charge the landlord. *Hexter* v. *Knox*, 63 N. Y. 561. A tenant may make the necessary repairs, and deduct the expense from the rent. *Lewis* v. *Pepin*, 33 La. Ann. 1417. *Nil debet* is the general issue in an action of debt on a note not under seal, or rent. 2 Tuck. Comm. 101, 106. Payment is a special plea. *Id*. 103. The tenant, however, having the right to make the repairs at the expense of, and charge them to, the landlord, and deduct them from the rent, could regard them as payments on the rent, and file an account thereof with his plea of payment. Or he could file his special plea of recoupment, in its nature a plea of offsets, limited to such sums as he had the right to recoup against the rent. The note sued on not being sealed, or importing a consideration, the defendants had the right to rely on failure of consideration, or show in any manner that they did not owe the debt, without verifying their plea. The fact that the lease was under seal makes no difference, as it is only regarded as an inducement, and does not operate as an estoppel, but the enjoyment of the premises is the real foundation of the action. Hence *nil debet* is a proper plea, under which defendants may make any defense which will defeat the action, or show that they do not owe the debt, by reason of payment or otherwise. In such case the pleas tendered or filed must comply with s. 4, c. 126, Code, in these words: "In a suit for any debt, the defendant may at the trial have allowed against such debt any payment or set-off which is so described in his plea, or in an account filed therewith as to give the plaintiff notice of its nature, but not otherwise." The word "set-off," in this section, necessarily includes the word "recoupment," in so far as it requires a description of the sums to be recouped; but the right of recoupment does not depend on the statute, for it existed at common law, before the law of set-offs was enacted. The conclusion, therefore, is that the circuit court erred in rejecting defendants' special pleas, and in

refusing to allow them to prove their offsets in recoupment of the rent sued for; and therefore the judgment is reversed, the verdict of the jury set aside, and a new trial awarded the defendants, and the case is remanded for further proceedings.

ENGLISH, PRESIDENT, (*dissenting*):

I cannot concur in a portion of the foregoing opinion of JUDGE DENT, for the following reasons: As is stated in said opinion, this action was brought upon a note for three hundred dollars, which was executed as a portion of the rent for the Grant House, in pursuance of a written lease, in which the landlord, Joseph Cheuvront, covenanted to keep said property in repair, except where broken by said second party, in which event he was to repair or replace the same. It appears on the face of the lease that said lessor leased to the tenant the personal property in the hotel, with certain exceptions. It was claimed by way of defense that the landlord failed to keep the property in repair after notice to do so, and the defendant made the repairs himself, and by his pleas claimed the right to set off the repairs so made against the note sued on, for the rent. Can this be done? If so, it would allow a tenant, under the circumstances, to select the kind and character of repairs to be made, whether costly or otherwise, and to make them at the expense of the landlord; and in this way he might consume the entire rent. If the tenant is damaged by the failure to repair on the part of the landlord, he is entitled to such damages as he may sustain thereby; but he cannot make such repairs as he may deem advisable, and set them off against the rent; and the very bill of set-offs filed in this case, consisting of new tablecloths, napkins, towels, sheets, carpets, *etc.*, shows what this tenant considered as proper repairs to set off against the rent. That repairs were not allowed to be set off by the tenant against a claim for rent at the common law is seen from the following authorities: In 1 Tayl. Landl. & Ten. (8th Ed.) § 328, the author says: "In conforming to this principle, it was laid down by Chief Justice Savage that at common law it is not in the power of a tenant to make repairs at the expense of

his landlord, unless there is a special agreement between them, authorizing him to do so. The tenant takes the premises for better or for worse, and cannot involve the landlord in expense for repairs without his consent." So, also, in the case of *Sheets* v. *Selden,* 7 Wall. 423, Justice Swayne, in delivering the opinion of the court, says: "The tenant cannot make repairs at the expense of the landlord, unless by special agreement." Again, in the case of *Allen* v. *Pell,* 4 Wend. 505, the court held that "a tenant cannot set off damage sustained by the breach of the landlord's agreement to finish or repair a house." Washburn, in his valuable work on Real Property (1 Washb. Real Prop. [4th Ed.] p. 491), states the law thus: "A lessee may bind himself to repair the premises, and if, by the terms of his lease, he has a right to enter and view and make improvements, he is bound to make the necessary repairs without waiting for a special demand or notice to do so." "The lessee, however, is not absolved from paying rent if the lessor, in such a case, fails to make the repairs; nor would it amount to an eviction, or justify his abandoning the possession. His remedy is by an action against the lessor upon his covenant or agreement." In support of the same doctrine, see *Tibbitts* v. *Percy,* 24 Barb. 39; also, *Kelsey* v. *Ward,* 38 N. Y. 83. These authorities, as I think, announce the common-law doctrine; and, while it may have been changed and modified by statutes in some of the states, I regard it the law of this State, and for that reason I have thought proper to call attention to the foregoing authorities, and submit the views above stated.

*Reversed.*