### FORGOTSON v. BECKER et al.

#### (Supreme Court, Appellate Term.  January, 1903.)

1. ACTION FOR RENT—DEFENSE OF SURRENDER— ADMISSION OF CONTINUED POSSESSION—EFFECT.

    An answer to a landlord's action for rent, setting up a surrender and acceptance, but failing to deny the allegation in the complaint that defendants entered into possession and have ever·since been in possession, is demurrable.

2. SAME—TIME OF SURRENDER—FAILURE TO ALLEGE.

    An answer to a landlord's action for rent, setting up a surrender and acceptance, but failing to allege that they preceded the accrual of the rent for which suit is brought, is demurrable.

3. SAME—DEFENSE OF FRAUD.

    An answer to a landlord's action for rent, setting up that the lease was induced by fraud, but failing to deny the allegation of the complaint that defendants entered into possession and have ever since been in possession, is demurrable, retention of possession being a waiver of the fraud.

Appeal from City Court of New York, Special Term.

Action by Etta Forgotson against Jacob Becker and others.  From an interlocutory judgment sustaining a demurrer to separate defenses in the answer, defendants appeal.  Affirmed.

Argued before FREEDMAN, P. J., and CLARKE and GREENBAUM, JJ.

Henry Kuntz and Edward A. Brown, for appellants.

James C. De La Mare, for respondent.

CLARKE, J.  This is an action for rent.  The complaint sets forth the usual allegations, and avers that the defendants "entered

in the possession of the demised premises and have ever since been in the possession thereof." The answer is most informally drawn. None of the allegations of the complaint are denied, and in several separate paragraphs matter is pleaded by way of separate defense and counterclaim. The plaintiff demurred to the averments as to the separate defense on the ground that the same is insufficient in law on the face thereof. The validity of the counterclaim is not raised by the pleadings, and the only question on appeal before this court is whether any of the allegations set forth in the answer constitute a valid defense. Considering the answer as a whole, the various allegations resolve themselves into two defenses—an alleged surrender and acceptance of the premises, and alleged fraud in procuring the lease. Neither of these defenses is well pleaded. The failure of the defendants to deny the allegation in the complaint that the defendants entered and have ever since been in possession is fatal. As this allegation is not expressly denied, it must be deemed admitted as true for all purposes of the action. Code Civ. Proc. § 522; Dunham v. Cudlipp, 94 N. Y. 129; Fleischmann v. Stern, 90 N. Y. 110; Conselyea v. Swift, 103 N. Y. 604, 9 N. E. 489. The defendants cannot admit that they are in possession and at the same time aver surrender and acceptance. Moreover, the first defense is not well pleaded, as it is not alleged whether or not the surrender was made before the rent accrued for which the plaintiff has brought this action.

The admission of continued possession also renders the defense of fraud unavailable. It was held in Barr v. N. Y., L. E. & W. R. R. Co., 125 N. Y. 263, 26 N. E. 145, that where the party, after knowledge of the fraud and an opportunity to rescind, still retains the possession and use of the property without any offer to return the same, the fraud is waived, and the contract becomes valid by acquiescence. That was an action for rent wherein the defendants sought to avail themselves of the invalidity of the lease because of its fraudulent inception. Judge Gray says, at page 271, 125 N. Y., and page 147, 26 N. E.: "There is something repugnant to our sense of justice, and a seeming subversion of ideas respecting property rights, in the position that property may be retained and enjoyed, and payment of the stipulated rental therefor refused by its holder, on the plea of fraudulent practices, or because of the immoral conduct involved in the making of the contract by which the property was transferred and the obligation to pay imposed." And in Lynch v. Sauer, 16 Misc. Rep. 1, 38 N. Y. Supp. 666, this court held that fraud is not available as a defense to an action for rent after failing to repudiate the agreement upon learning of the fraud, as such failure is a complete ratification of the contract. The demurrer to the separate defenses must therefore be sustained. Judgment affirmed, with costs, with leave, upon payment thereof within 10 days, to serve an amended answer.

Judgment affirmed, with costs, with leave, upon payment thereof within 10 days, to serve amended answer. All concur.