GREENWOOD et al. v. WETTERAU et al.

(Supreme Court, Appellate Term.  June 22, 1903.)

1. LANDLORD AND TENANT—COVENANT FOR QUIET ENJOYMENT—BREACH.
   There can be no breach of a covenant by a landlord for quiet enjoyment, where the lessee has not been evicted, but remains in the possession of the premises.

Appeal from Municipal Court, Borough of Manhattan, Tenth District.

Action by Langdon Greenwood and others against Henry C. Wetterau and others. From a judgment in favor of plaintiffs and dismissing defendants' counterclaim, defendants appeal. Affirmed.

Argued before FREEDMAN, P. J., and GILDERSLEEVE and MacLEAN, JJ.

¶ 1. See Landlord and Tenant, vol. 32, Cent. Dig. § 473.

F. G. Wetterau, for appellants.

Percy L. Clock, for respondents.

FREEDMAN, P. J. This action was for the accrued rent of premises leased by the defendants from the plaintiffs, amounting to $300. The defendants set up a counterclaim arising out of the following facts, which they offered to prove on the trial: When the defendants leased and went into occupancy of the demised premises, the floor directly over the defendants' place of business was occupied for the manufacture of flags. Subsequently the flag concern moved out, and the plaintiffs let the room for a printing establishment. The use of the printing presses caused noise and vibrations, and in many ways interfered with the quiet enjoyment of the defendants of their premises, and materially lessened the value of the use of the same. This the defendants claimed was a breach of an implied covenant of the quiet enjoyment, and the damages occasioned thereby constitute the alleged counterclaim. The trial court excluded all testimony upon this subject, dismissed the counterclaim, and gave judgment for the plaintiffs, and the defendants claim error, and ask for a reversal of the judgment.

The defendants make no claim that there was an eviction. They still retain possession of the demised premises. To constitute a breach of covenant of quiet enjoyment, there must be either an actual or constructive eviction (Boreel v. Lawton, 90 N. Y. 293, 43 Am. Rep. 170; Lynch v. Sauer, 16 Misc. Rep. 1, 2, 37 N. Y. Supp. 666), and there cannot be a constructive eviction without an abandonment of the premises. Under section 151 of the Municipal Court act (chapter 580, p. 1538, Laws 1902), identical with section 501, Code Civ. Proc., a tenant who is sued for rent may interpose a counterclaim upon (1) a cause of action arising out of the contract or transaction set forth in the complaint as the foundation of the plaintiff's claim, or connected with the subject of the action; or (2) in an action on contract, any other cause of action on contract which existed at the commencement of the action. Under the decisions before cited, there was no breach of covenant for quiet enjoyment, for the defendants remained in possession of the premises, and therefore the defendants had no counterclaim.

Of course, if the tenant can, within the meaning of the statute, establish a counterclaim, he has a right to recoup or offset his damages for the same in an action for rent, even though he retain possession of the demised premises; for eviction is not an essential in every counterclaim in an action for rent. Thomson-Houston Elec. Co. v. Durand L. I. Co., 144 N. Y. 34, 39 N. E. 7. Neither was there any proof of a valid independent agreement to remedy the conditions complained of and the breach thereof.

Judgment affirmed, with costs. All concur.