SILBERBERG v. TRACHTENBERG et al.

(Supreme Court, Appellate Term. April 10, 1908.)

1. LANDLORD AND TENANT—COVENANTS AS TO REPAIRS—COVENANTS RUNNING WITH THE LAND.

A covenant for repairs runs with the land, and hence, where a lease contained a covenant that the original owner and lessor would make the repairs, his grantee and assignee of the lease became liable upon the covenant, which created a privity of estate.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 32, Landlord and Tenant, § 110.]

**2. SAME—ACTION FOR RENT—COUNTERCLAIMS—REPAIRS.**

    In an action for rent under a lease containing a covenant that the lessor would make repairs, the tenants may counterclaim amounts expended by them for repairs.

    [Ed. Note.—For cases in point, see Cent. Dig. vol. 32, Landlord and Tenant, §§ 892, 893.]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Isaac Silberberg against Samuel Trachtenberg and another. Judgment for defendants, and plaintiff appeals on an agreed statement of facts. Affirmed.

Argued before GILDERSLEEVE, P. J., and SEABURY and DAYTON, JJ.

Abr. A. Silberberg, for appellant.

Abramson & Potter, for respondents.

PER CURIAM. This case comes up on an agreed statement of facts, which are briefly as follows: One Aronowitz, the owner of certain premises, leased them to Mantel. The lease provided that repairs were to be made by Aronowitz. Subsequently this plaintiff acquired title to the premises, and also became entitled to the rent under the lease, and the defendants herein succeeded to Mantel's rights under the lease. Thereafter these defendants attorned to the plaintiff. After June 1, 1907, repairs became necessary to the premises, and the tenants made them to the extent of $61 in value. On December 1, 1907, the tenants refused to pay the rent of $65 due for that month, claiming an offset for said repairs to the amount of said $61, tendered the balance of $4 to the plaintiff, who refused the same, and brought this action, claiming $65; the defendants paying $4 into court and counterclaiming for $61 for said repairs.

Two questions only are raised: (1) Does the covenant for repairs contained in the lease bind the plaintiff herein? and (2) can the sum expended by the tenants for repairs be counterclaimed in an action for rent? The lower court decided these questions in favor of the defendants, and we think correctly so. A covenant for repairs runs with the land. Mott v. Oppenheimer, 135 N. Y. 312, 31 N. E. 1097, 17 L. R. A. 409; In re Coatsworth, 37 App. Div. 295, 55 N. Y. Supp. 753; Choplin on L. & T. 273. The lease contained a covenant whereby the original owner and lessor agreed to make the repairs, and as grantee and assignee of the lease the landlord herein became liable on all covenants which run with the land and create a privity of estate. As to the second question there is no doubt about the right of the tenants to the counterclaim for the amount expended for repairs. Mayor v. Mabie, 13 N. Y. 151, 64 Am. Dec. 538; Ely v. Spiero, 28 App. Div. 485, 51 N. Y. Supp. 124; Kelsey v. Ward, 38 N. Y. 83; Greenwood v. Wetterau (Sup.) 84 N. Y. Supp. 287; section 2244, Code Civ. Proc.

The judgment should be affirmed, with costs.