## Emma A. Jones, Defendant in Error, v. Louise C. Blanks, Plaintiff in Error.

### Gen. No. 18,748.

1. LANDLORD AND TENANT—*failure to repair.* In a joint action in forcible detainer and to recover rent under a lease in which the plaintiff had agreed to make certain repairs, where plaintiff's failure to make such repairs rendered the premises untenantable, the defendant is entitled to make the same and recoup the reasonable cost thereof from the rent, and, in any case, a tenant is at least entitled to recoup from the rent damages arising from the failure to repair as agreed to the extent of the difference between the rental value of the premises with and without such repairs.

2. LANDLORD AND TENANT—*repairs made by tenant.* Where the agent of a landlord is authorized, either expressly or by the usual known custom prevailing in the business of his agency, to direct a tenant to make improvements and repairs stipulated in a lease to be made by the landlord, after failure on the part of the latter to make them, and to deduct the cost of the same from the rent, the tenant is entitled to recoup such cost in an action for rent.

3. EVIDENCE—*statements to agent.* Where the evidence in an action for rent shows that the agent of the plaintiff had authorized defendant to make certain repairs, and that after the decease of such agent another agent has been appointed, the testimony of such agent as to what was said by plaintiff to him regarding the repairs so made is competent on request of defendant, and, whether it operates for or against defendant, should be admitted.

Error to the Municipal Court of Chicago; the Hon. PERRY L. PERSONS, Judge, presiding. Heard in the Branch Appellate Court

at the October term, 1912.  Reversed and remanded.  Opinion filed March 13, 1913.

EVERETT JENNINGS and HARRY L. STROHM, for plaintiff in error.

JAMES McKEAG, for defendant in error.

MR. JUSTICE BAUME delivered the opinion of the court.

Defendant in error instituted against plaintiff in error in the Municipal Court her joint action in forcible detainer and to recover $50 rent for the demised premises for the month of June, 1912.  Upon the trial at the close of all the evidence, the court instructed the jury to return a verdict finding plaintiff in error guilty of withholding from defendant in error the possession of the premises involved and assessing the damages against plaintiff in error at $50, and upon the verdict so returned, judgment was entered against plaintiff in error.  This writ of error is prosecuted to reverse such judgment.

On April 4, 1912, defendant in error, as party of the first part, executed a written lease to plaintiff in error, for a term beginning May 1, 1912, and ending April 30, 1914, of certain premises located at 7636 Bond avenue, Chicago, to be occupied as a private residence, and plaintiff in error agreed to pay as rent therefor the sum of $1,200, payable in twenty-four monthly instalments of $50 in advance.  The lease contained, among other provisions, the following:

"The said 1st party hereby agrees to calcimine parlor, dining room, library, and front room in attic, and paint walls of kitchen and pantry, and to put new oak floors in parlor, back parlor, and varnish floors in dining room, library, bath room and front hall, also put woodwork around sink in sanitary condition."

The evidence discloses that defendant in error resided in New York and that one E. W. Washburn acted as her agent in securing a tenant for the premises and collecting the rent; that plaintiff in error entered into possession of the premises; that defend-

ant in error having failed to make the improvements and repairs provided for in the lease, plaintiff in error interviewed Washburn with reference to said repairs, and was directed by Washburn to have the stipulated improvements and repairs made and pay for the same and deduct the amount paid therefor from the rent; that a like direction was given to plaintiff in error by the husband of defendant in error; that acting on such direction plaintiff in error procured the stipulated repairs to be made and paid for the same; that Washburn died, on May 6, 1912, and defendant in error designated the firm of Cooper, Farwell & Ellinwood as her agents to succeed Washburn; that on June 1, 1912, demand for the rent was made on plaintiff in error, at the premises, by a man unknown to her, and who was unable to show his authority, and for that reason plaintiff in error refused to pay the same, but signified her willingness to pay the rent when she knew the right party to pay it to; that on June 10th, following, a five-day notice was served upon her by Ellinwood to pay the rent to said firm; that prior to the service of such notice plaintiff in error had no knowledge that defendant in error had designated said firm as her agents to succeed Washburn; that on June 13, following, plaintiff in error tendered to said firm in payment for said rent the receipts for the amounts paid by her for said improvements and repairs and the balance in cash, which tender was refused.

If Washburn was authorized, either expressly by defendant in error, or by the usual known custom prevailing in the business of his agency, to direct plaintiff in error to make the improvements and repairs stipulated in the lease to be made by defendant in error, and to deduct the cost of the same from the rent, defendant in error would be entitled to recoup such cost from the claim for rent in this action. The evidence admitted by the court did not show such express authority from defendant in error to Washburn,

but plaintiff in error was not permitted to show what was said by defendant in error to Ellinwood regarding the improvements and repairs made by plaintiff in error. Whether such evidence would have operated for or against plaintiff in error, it was competent and should have been admitted.

The trial court also appears to have held that any claim of plaintiff in error for damages arising out of the failure of defendant in error to make the stipulated improvements and repairs could not in this action be recouped from the rent. Plaintiff in error was at least entitled to recoup such damages from the rent, to the extent of the difference between the rental value of the premises with and without such improvements and repairs. Rubens v. Hill, 213 Ill. 523.

Furthermore, if the failure of defendant in error to make some of the stipulated improvements and repairs rendered the premises untenantable, plaintiff in error was entitled to make the same and recoup the reasonable cost thereof from the rent. Cromwell v. Allen, 151 Ill. App. 404, and authorities cited.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*