## RATCLIFF v. SHARROCK.

No. 3726. Opinion Filed January 12, 1915.

(145 Pac. 802.)

1. **LANDLORD AND TENANT — Landlord's Attachment — Counterclaim.** In a landlord's attachment action to recover rent due under a lease contract, the tenant may counterclaim for work and labor performed and money expended in improving and repairing the demised premises, where such work and labor was authorized by the landlord.

2. **SAME—Amount of Counterclaim.** The amount of counterclaim is to be determined by the fair and reasonable value of the work and labor authorized and performed, and the money actually expended.

3.   **APPEAL AND ERROR—New Trial—Discretion—Misconduct of Party.** A motion for a new trial, predicated upon misconduct of the prevailing party, where such motion is supported by the affidavit of a third party, but is controverted by the affidavit of the opposing litigant, is addressed to the sound discretion of the trial court, whose action in denying and overruling the motion can only be reviewed where it is made to appear that the court abused its discretion.

(Syllabus by Sharp, C.)

*Error from County Court, Carter County;*

*M. F. Winfrey, Judge.*

Action by Eli R. Ratcliff against C. A. Sharrock. Judgment for defendant and plaintiff brings error. Affirmed.

*Potterf & Walker,* for plaintiff in error.

*H. H. Brown* and *L. G. Shelton,* for defendant in error.

Opinion by SHARP, C.  This is a landlord's attachment action, originally brought in a justice court, and from there appealed to the county court, in which plaintiff sought to recover $100, rent alleged to be due from defendant under a lease contract.  Defendant by his amended answer admitted the lease contract with plaintiff, but denied owing any rent thereunder, by reason of a counterclaim for certain improvements and repairs made on the property, for which plaintiff had agreed to pay, as provided in the contract, but failed to do, and further alleged that there was a balance due defendant on their mutual account of $57.80.  Trial was had and verdict returned in favor of defendant for $42.81, and from the judgment entered accordingly plaintiff appeals.

The lease contract contains the following provisions:

"Fourth.  That during the tenure of this contract the party of the second part shall keep the houses, wells, and fences in repair at his own expense after the same is put in repair."

"Twelfth. It is mutually agreed by the parties to this contract that for all repairing and improvements necessary on said farm the price for doing same shall be agreed upon by the parties to this contract in advance of any work done by the party of the second part."

It is insisted by plaintiff in error that, although plaintiff and defendant may have contracted subsequent to the execution of the lease, for certain improvements and repairs, yet that payment for such improvements and repairs was not a condition precedent to the recovery of rent by plaintiff, but an independent contract for the breach of which defendant should have brought a distinct and separate action; and that defendant should not have been allowed to set off against plaintiff's demand the value of such improvements and repairs. Plaintiff cites in support of his contention the case of *Partridge v. Dykins*, 28 Okla. 54, 113 Pac. 928, 34 L. R. A. (N. S.) 984, which holds that a covenant to repair is not a condition precedent, and that the lessor is entitled to recover rent notwithstanding a breach of said covenant; but nowhere does it hold that the defendant lessee may not set up against a claim for rent any counterclaim he may have against plaintiff, arising out of the transaction complained of or connected with the subject of the action. In fact, in that case, defendant was allowed to set up damages caused by plaintiff's failure to repair. In the case in hand the plaintiff was not by the judgment of the court precluded from recovering rent —the rent due went to partially pay the counterclaim of defendant. There is no room for doubt that under sections 4745 and 4746, Rev. Laws 1910, the defendant by answer may set up a counterclaim for work and labor performed or money expended, in making necessary repairs on the demised premises, against plaintiff's claim for rent due under the lease. In *Myers v. Fear et al.*, 21 Okla. 498, 96 Pac. 642, 129 Am. St. Rep. 795, a lessee was allowed to set up as a defense damages to the premises leased against the rent for which suit was brought. Other authorities holding that in an action by the landlord to recover rent the tenant may counterclaim for damages sustained by him

by reason of the landlord's breach of a covenant to repair, or by reason of an agreement contained in the lease, that the tenant should be remunerated by the landlord for certain work performed during the term, are: *Varner v. Rice,* 39 Ark. 344; *Dougherty v. Taylor,* 5 Ga. App. 773, 63 S. E. 928; *Hegan Mantel Co. v. Alford* (Ky.) 114 S. W. 290; *Silberberg v. Trachtenberg,* 58 Misc. Rep. 536, 109 N. Y. Supp. 814; *Tyson v. Weil,* 169 Ala. 558, 53 South. 912, Ann. Cas. 1912B, 350; *Jones v. Blanks,* 178 Ill. App. 196; *Hausman v. Mulheran,* 68 Minn. 48, 70 N. W. 866; *Beardsley v. Morrison,* 18 Utah, 478, 56 Pac. 303, 72 Am. St. Rep. 795; *Cheuvront v. Bee,* 44 W. Va. 103, 28 S. E. 751; Taylor's Landlord and Tenant (9th Ed.) sec. 374; Tiffany, Landlord and Tenant, secs. 182r(2), 296; Underhill on Landlord and Tenant, secs. 355, 515, 525.

The court by its second instruction told the jury that the account as set up and claimed by the defendant was a proper "offset" against the claim of plaintiff, and that if they believed the evidence of defendant they should give said defendant credit for whatever sum of money found to have been expended and costs incurred by him in compliance with an agreement entered into by him with plaintiff. It is contended by plaintiff in error that the court should have instructed the jury that the measure of damages was the difference between the rental value of the premises as they were and what they would have been if repaired as covenanted by the landlord; such an instruction having been approved in *Partridge v. Dykins et al., supra.* In that case the repairs had not been made or paid for by the tenant at the time of trial, while here the tenant made the repairs and improvements, so that necessarily the rule there announced has no present application. The difference in the rental value of the premises as rented and as occupied would not compensate a tenant for repairs he made or improvements paid for, and which the landlord agreed to pay for. *Hausman v. Mulheran, supra; Cheuvront v. Bee, supra; Hegan Mantel Co. v. Alford, supra; Varner v. Rice, supra; Ladd v. Hawkes,* 41 Ore. 247, 68 Pac.

422; *Young v. Berman,* 96 Ark. 78, 131 S. W. 62, 34 L. R. A. (N. S.) 977; *Wood v. Sharpless,* 174 Pa. 588, 34 Atl. 319, 321; Underhill on Landlord and Tenant, sec. 526; Tiffany, Landlord and Tenant, sec. 87.

The next proposition urged is that the court erred in refusing to grant plaintiff's motion for a new trial; there being filed in support of said motion, as one of the grounds therefor, an affidavit of one George Sirmons, to the effect that he was intimidated and threatened by the defendant in such a manner as to cause him to become ill and unable to attend the trial, where he would have been a witness for the defendant, and further setting out the nature of the testimony he would have given. The defendant filed a counter affidavit, denying that he had in any way intimidated Sirmons, so that he was unable to attend the trial as a witness, etc. If the allegations of Sirmons were true, defendant would have been guilty of the misdemeanor of obstructing justice. Section 2258, Rev. Laws 1910; *Bowes v. State,* 8 Okla. Cr. 277, 127 Pac. 883. A new trial may be granted for misconduct of the prevailing party (section 5033, Rev. Laws 1910; *Phares v. Krhut,* 76 Kan. 238, 91 Pac. 52), but we cannot determine from the record that defendant did intentionally intimidate Sirmons or prevent his attendance as a witness at the trial. There is nothing in the record to show that Simmons was subpoenaed—nothing to show that he would have been a witness, or that defendant threatened him, except his own affidavit, which is flatly contradicted by the affidavit of defendant. In such cases the trial court is vested with a wide discretion in the granting or refusal of motions for new trials, and its action can only be reviewed where it is shown that the court abused its discretion. From the record we are unable to determine the veracity of the affidavit of Sirmons, and cannot say with any certainty that the discretion vested in the court has been abused.

The judgment should be affirmed.

By the Court: It is so ordered.