(28 App. Div. 485.)

ELY v. SPIERO.

(Supreme Court, Appellate Division, Second Department.   April 19, 1898.)

1. ACTION FOR RENT—DEFENSES.
    In an action for rent, the landlord's breach of an independent covenant, while available as the basis of a counterclaim, does not constitute a defense.
2. SAME—TENDER.
    Before action brought by the landlord, a tenant cannot deduct from the rent due under his lease a sum which he claims as damages for a breach of an independent covenant on the part of his landlord, and make a valid tender to the landlord of the balance.

Appeal from special term, Kings county.

Action by Arthur H. Ely against Isaac Spiero. From an interlocutory judgment overruling plaintiff's demurrer to the second separate defense set out by the answer, plaintiff appeals. Reversed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

Edward C. Delavan, Jr., for appellant.

Louis Cohen, for respondent.

WILLARD BARTLETT, J.　This is an action by a lessor against a lessee to recover $416.66, being the stipulated rent for the month of February, 1897, alleged to be due and owing from the defendant to the plaintiff, under a written lease of real property. The answer, after denying that the defendant covenanted to pay the rent at the times stated in the complaint, and also denying that the plaintiff has performed all the conditions of the lease on his part, sets up a counterclaim alleging that by the terms of the lease the plaintiff was to furnish the defendant with an electric current sufficient to run a three-horse power electric motor; that the plaintiff failed to supply said current; that thereupon the defendant, at the special instance and request of the plaintiff, applied for the current to the Edison Electric Illuminating Company, which furnished the same; that the plaintiff promised and agreed to pay therefor; that the reasonable value of the electric current so furnished was $38.17, of which the plaintiff has paid only $24.79, leaving $13.38, which the defendant was obliged to pay, and actually did pay, to the Edison Electric Illuminating Company.

No question is raised as to the legal sufficiency of this counterclaim. The demurrer is interposed to the second separate and distinct defense set up in the answer. That defense contains no denials whatever. It restates, in substance, the foregoing averments of the counterclaim in reference to the plaintiff's agreement to furnish the defendant with an electric current, and his breach of that agreement, and contains the following additional allegation:

"Eighth. That prior to the commencement of this action the defendant duly tendered to the plaintiff herein the sum of $403.29, being the sum of $416.66 for rent for the month of February, 1897, less the aforesaid sum of $13.38, the amount theretofore paid to the Edison Electric Illuminating Company of New York, for electric current furnished as aforesaid, which amount the plaintiff refused to accept, and which said sum of $403.29 the defendant has deposited with the clerk of this court to the credit of the above-entitled action."

It is to be noted that the matters contained in the defense to which the demurrer applies are pleaded solely as a defense, and are not denominated a counterclaim in that part of the answer. So far as the defendant apparently desires to rely upon them as a counterclaim, he has set them out in the earlier portion of his pleading, where they remain unquestioned by the demurrer. We have therefore to deal with this second part of the answer considered only as a defense in contradistinction to a counterclaim. Thus considered, I think it is insufficient in law.

Since the decision in the case of Mayor, etc., v. Mabie, 13 N. Y. 151, the rule has been established in this state that a tenant sued for rent can recoup such damages as he may have suffered by reason of a breach of the landlord's covenant to repair the premises. Kelsey v. Ward, 38 N. Y. 83; Thomson-Houston Electric Co. v.

Durant Land Imp. Co., 144 N. Y. 34, 44, 39 N. E. 7. But the lessee's right to recoup, which is asserted in cases of this kind, means simply the right to plead a counterclaim under the Code. As Prof. Pomeroy has pointed out in his able and instructive work on American Code Procedure, the recoupment of damages of the old practice has been transferred by all the codes into a species of counterclaim. Pom. Rem. & Rem. Rights, § 736. In Myers v. Burns, 35 N. Y. 269, and Cook v. Soule, 56 N. Y. 420, the damages growing out of the landlord's breach of his covenant to repair were in each instance set up specifically as a counterclaim; and that the breach of that 'covenant could not be pleaded simply as a defense is necessarily implied by the language of Andrews, C. J., in the case of Thomson-Houston Electric Co. v. Durant Land Imp. Co., supra, where he says:

"The plaintiff, having entered upon the demised premises under the lease, and continued in possession, was bound to pay the rent reserved, and he could not defend on the ground that the covenant on the part of the lessor to put the premises in repair, or to make changes or alterations required by municipal or other legal authority, had not been performed. On the other hand, the lessor, when sued on his covenants, could not allege, in bar of the action, that the lessee had remained in possession of the premises. But either one, in an action brought against him by the other, could counterclaim any demand arising under the lease against the plaintiff in the action. The tenant in the suit for the rent could recoup any damages for a breach of the covenants to repair, and the landlord, if sued by the tenant for a breach of the covenants on his part, could counterclaim the rent reserved by the lease."

It is plain that the word "recoup" is here employed in the sense of "counterclaim," and that it cannot be understood in any other meaning consistently with the context. Mr. Taylor says, in his well-known treatise on Landlord and Tenant:

"The landlord's covenant to repair and the tenant's to pay rent are independent covenants, and, at common law, a breach of the former is no defense to an action on the latter; and this still remains the law, both in England and the United States. On the other hand, it is now very generally held that the landlord's failure to repair, though not an eviction, may still avail the tenant by way of counterclaim or recoupment, and as well when the action is for rent as for use and occupation." 1 Tayl. Landl. & Ten. (8th Ed.) § 331.

The agreement of the plaintiff in the present case to furnish an electric current of a specified power to the defendant was just as independent of the defendant's covenant to pay rent as a covenant to repair would be, and it is equally subject to the rule thus laid down.

There is nothing in the defense to which the demurrer is directed, showing the existence of any special facts calling for the application of equitable, as distinguished from strictly legal, principles in the case at bar; and under such circumstances, as was said by Mr. Justice Bradley in Armstrong v. McKelvey, 39 Hun, 213, 219, affirmed in 104 N. Y. 179, 10 N. E. 266, "equity follows the law on the subject of set-off." See 2 Story, Eq. Jur. 1434.

Finally, we have to consider the sufficiency of the second separate defense as a plea of tender of payment. In this view, I do not see how it can be maintained. In the first place, this defense, by failing to deny any of the allegations of the complaint, admits

$416.66 to be due from the defendant to the plaintiff on account of the rent. The answer sets up a tender and payment into court of only $403.29. The difference of $13.38 represents the amount which the defendant has paid for the electric current which the plaintiff agreed to furnish. That the defendant may rightfully counterclaim this sum against the plaintiff has already been shown; but if he wishes to oppose to the plaintiff's cause of action not only such a counterclaim, but a separate and distinct defense of tender of payment, he must allege a tender, and a tender in money, of the whole amount of rent which he admits to be due. It will not suffice for a tenant to plead a tender, before action, of the rent subsequently sued for, less the amount of a debt which he alleges is due to him from his landlord. To permit such a course would be to treat an offer to satisfy a cause of action as equivalent in law to an offer to pay money in fulfillment of a contract calling for the payment of money. There must be a tender of the whole rent to make it effective as a defense. In Dixon v. Clark, 5 Man., G. & S. 365, 377, the court of common pleas considered the general question whether a tender of part of an entire debt was good, and the judges expressed the opinion, on principle, that such a tender was bad. In Scarles v. Sadgrave, 5 El. & Bl. 639, where the plaintiff's claim amounted to £82, the defendant pleaded the tender of £55. 6s., and, by rejoinder, alleged that the plaintiff at the time of the tender was indebted to him in an amount equal to the larger sum less the £55. 6s. so tendered, which the defendant offered to set off. The court of queen's bench, through Lord Campbell, C. J., held that the rejoinder was neither good at common law nor authorized by the statute of 2 Geo. II. c. 22, relating to set-off. The defendant was given leave to amend by pleading payment of £55. 6s. into court, and set-off as to the residue of the plaintiff's claim; but this fact does not affect the decision in respect to the insufficiency of the alleged tender. Except as to connected accounts of debt and credit, the set-off of the English statute was a doctrine which had no application before suit brought, and consequently could not be allowed to reduce the amount necessary to constitute a valid tender made prior to the commencement of the action. The law of set-off, as formulated in the Revised Statutes of this state, was substantially the same as that prescribed in the English acts of parliament on the subject (Jordan v. Bank, 74 N. Y. 467, 474); and the present provisions of the Code of Civil Procedure involve no departure from the proposition that in suits at law, at least, the privilege of set-off, with the exception above noted of mutual accounts of debt and credit, attaches to the remedy only, and hence may not be asserted, by way of reducing the plaintiff's demand, until that demand shall have been placed in litigation. It is to be observed that the tender alleged in the defense which is the subject of the demurrer in the present case is a tender before the commencement of the action, and hence does not fall within the provisions of the Code relating to tender after suit. Code Civ. Proc. §§ 731–734. To sum up what has been said, I think that this defense is insufficient, in whatever light it may be

viewed. So far as it seeks to recoup the damages alleged to have been sustained by the plaintiff's breach of covenant, the matter can only properly be pleaded as a counterclaim, as, indeed, it has been pleaded in the first part of the answer. So far as the defense is intended as a plea of tender, it is unavailing, because, before action brought, a tenant cannot deduct from the rent due under his lease a sum which he claims as damages for a breach of an independent covenant on the part of his landlord, and make a valid tender to the landlord of the balance.

For these reasons I advise the reversal of this interlocutory judgment. All concur.