(38 Misc. Rep. 757.)

HIRSCH v. OLMESDAHL.

(Supreme Court, Appellate Term. May, 1902.)

1. ACTION FOR RENT—COUNTERCLAIM.
    Breach of covenant by a landlord to furnish steam power for the premises may be made the basis of a counterclaim in an action for rent.

Appeal from municipal court, borough of Manhattan, Ninth district.

Action by Leon M. Hirsch against William Olmesdahl. Judgment for plaintiff, and defendant appeals. Reversed.

Argued before FREEDMAN, P. J., and TRUAX and GILDER-SLEEVE, JJ.

¶ 1. See Landlord and Tenant, vol. 32, Cent. Dig. § 885.

W. D. Moore, for appellant.

W. S. Katzenstein, for respondent.

PER CURIAM. The facts in this case are substantially conceded. The plaintiff verbally leased certain premises to the defendant, to be used as a machine shop, for a term ending January 31, 1902, at the sum of $66.66 per month, agreeing at the same time to furnish defendant with a certain amount of steam power to run defendant's machinery. The accrued rent for which this action was brought amounted to the sum of $266.64, less the sum of $61.58 paid on account, and the plaintiff sued to recover the balance, $205.06. The defense was a general denial and a counterclaim for damages by reason of plaintiff's failure to furnish the power. There seems to be no dispute that the plaintiff failed to furnish the requisite amount of steam power as called for by his agreement, but the trial court wholly disregarded the defendant's testimony offered in support of his counterclaim, and gave a judgment in favor of the plaintiff for the full amount of the unpaid rent, evidently upon the theory that the defendant, having retained possession of the demised premises during the time the power was not furnished, was compelled to pay the full amount of the rent provided for in the lease. This was error. While a claim of constructive eviction, and, at the same time, a retention of the demised premises, constitutes no defense to an action for rent, yet a breach of a covenant on the part of the landlord to repair, etc., may be a ground for a counterclaim. Ely v. Spiero, 28 App. Div. 485, 51 N. Y. Supp. 124; Thomson-Houston Electric Co. v. Durant Land Imp. Co., 144 N. Y. 34, 44, 39 N. E. 7. Judgment reversed, and new trial ordered, with costs to the appellant to abide the event.

Judgment reversed and new trial ordered, with costs to appellant to abide event.