### PAKAS v. SHINBERG et al.

#### (Supreme Court, Appellate Term.   January 17, 1906.)

1. LANDLORD AND TENANT—LEASES—CONSTRUCTION.

   Where a lease provided for a yearly rental payable monthly and contained a clause by which the owner agreed to allow the tenants $150 per year for repairs, lighting halls, and keeping the same clean, which the tenants agreed to do, the sum to be deducted in equal monthly parts from the rent when due, such provision operated to reduce the amount of rent to be paid each month by one-twelfth of $150, absolutely, without regard to whether the tenants actually performed their contract to light and clean the halls and stairs.

2. SAME —BREACH OF LEASE—REMEDY.

   Where a lease provided for an allowance of $150 a year from the rent to compensate the tenants for cleaning and lighting the halls and stairs, to be deducted in equal monthly parts from the rent due, the landlord's remedy in case of the tenants' failure to perform their duty to keep the halls and stairs lighted and cleaned was an action for damages.

   Blanchard, J., dissenting.

Appeal from Municipal Court, Borough of Manhattan, Eleventh District.

Action by Millie B. Pakas against Jacob Shinberg and another. From a Municipal Court judgment in favor of plaintiff, defendants appeal   Modified.

Argued before SCOTT, P. J., and BLANCHARD and DOWLING, JJ.

Joseph I. Erenstoft, for appellants.

Reeves, Todd & Swain (Herbert Reeves, of counsel), for respondent.

SCOTT, P. J.   I am of opinion that the plaintiff can recover in this action no more than the sum which was tendered by defendants and paid into court.   The lease in the first place provided for a yearly rental of $2,500 per annum payable monthly.   In a later clause, it was agreed that the owner should allow the tenants the sum of $150 per year from the aforementioned rent for repairs, lighting the halls, and keeping the halls and stairs cleaned at all times, "which the tenant hereby agrees to do."   It is further provided: "Said sum to be deducted in equal monthly parts from the rent when due."   This provision had the effect of reducing the amount to be paid each month by one-twelfth of $150, for it was to be allowed from the rent, and to be deducted therefrom when due.   As the clause was worded the amount allowed to the tenant was not to be treated as a claim against the landlord independent of the rent, but as a monthly reduction of the amount to be paid.   The deduction was not made to depend upon whether or not the tenant did actually light and clean the halls and stairs, but was positively agreed upon, in consideration of which the tenant agreed to do certain things.   If, as the plaintiff claims, the tenant failed to live up to this agreement in these particulars the landlord's remedy was to sue for damages.

The judgment should be reduced to the sum of $391.66 less the

defendants' costs in the court below as provided for in section 148 of the municipal court act (Laws 1902, p. 1537, c. 580), and, as so modified, should be affirmed, with costs to the appellants.

DOWLING, J., concurs.

BLANCHARD, J. (dissenting). Action is brought by the lessor's assignee against the lessee for two months' rent, computed pro rata, upon a lease providing for the payment of rent at $2,500 per annum, payable monthly. It was provided in the lease that:

"The owner shall allow the tenants the sum of $150 per year from the aforesaid mentioned rent for repairs, lighting the halls and keeping the hall and stairs clean at all times, which the tenant hereby agrees to do, such sum to be deducted in equal monthly parts from the rent when due."

From a judgment in favor of the plaintiff the defendants appeal. The clause under discussion, inserted after the usual covenants of the lessee regarding repairs and care of the premises, was intended to liquidate the cost of said services and to impose the burden thereof upon the landlord and to specify the time of payment. The provision that an equal monthly part of said sum should be deducted from the rent was not intended to alter the amount of the monthly rent, but merely to direct a recoupment of a certain sum against the monthly rent. It seems clear that if the lessee had desired to plead this provision, he should have pleaded it as a counterclaim, and not as a defense. Thomson-Houston Electric Co. v. Durant L. I. Co., 144 N. Y. 34, 44, 39 N. E. 7; Ely v. Spiero, 28 App. Div. 485, 51 N. Y. Supp. 124. It results, therefore, that the plaintiff properly brought action for the undiminished amount of rent; and that upon the evidence that no consideration had been given, for which the landlord was bound by the lease to reimburse the defendant, the trial court rightly gave judgment for the plaintiff.

The judgment should be affirmed, with costs.