.DOMENICO DRAGO, Respondent, *v.* MARTIN R. MEAD, Appellant.

*Landlord and tenant — breach of a covenant by a landlord to repair leased premises — a recovery therefor is not affected by the default of the tenant in the payment of rent — measure of damages.*

Under a lease providing that, in case the demised premises are injured by fire, not to the extent of rendering them untenantable, but sufficiently to require substantial repairs, the landlord shall, as speedily as possible, repair them, it is no answer to an action brought by the lessee against the lessor for a breach of this covenant to repair that the lessee is in default in the payment of his rent, the covenant to repair and the covenant to pay rent being independent covenants.

In such a case the measure of damages is the difference between the rental value of the premises as they are, and their rental value in a proper state of repair, and where no special damages are alleged in the complaint the plaintiff is not entitled to recover the estimated profits of his business during the period for which the defendant was in default in making the repairs.

*Semble,* that the claim for loss of business profits is inconsistent with the allegations which are the necessary foundation of such an action.

APPEAL by the defendant, Martin R. Mead, from a judgment of the County Court of Kings county in favor of the plaintiff, entered in the office of the clerk of the county of Kings on the 24th day of May, 1897, upon the verdict of a jury.

*Josiah T. Marean*, for the appellant.

*J. Stewart Ross*, for the respondent.

CULLEN, J. :

This action was brought, lessee against lessor, for breach of a covenant on the part of the latter to repair. The plaintiff occupied the demised premises as a barber shop where he carried on business. The complaint alleged that the premises were injured by fire, not to the extent of rendering them untenantable, but sufficiently to require substantial repairs. The lease provided that in such case the landlord should, as speedily as possible, repair the premises.

It appeared that, at the time of the fire, and subsequent thereto, the plaintiff was in default in his rent. The appellant contends that this default relieved him from his covenant to repair. I know of no authority for such a proposition. It has been repeatedly held that the covenant to pay rent and that to repair are independent covenants ; and that a failure to repair is not a valid defense to an action for rent. There would seem to be no reason why the converse of the proposition should not be equally true. The principle of the two cases would seem to be precisely the same. It is insisted that the sole right of the tenant to retain possession of the premises, or to claim the benefit of the covenant to repair, proceeds from his payment of rent. This is true only in a qualified sense. Except where the rent is payable in advance, the right to the possession of the premises and the consideration for the demise and the covenants of the landlord, proceed not from the actual payment of rent, but the promise or obligation to pay it. When default in the rent is made the landlord may elect to terminate the tenancy ; but he is not obliged to do so. He may prefer the obligation of the tenant to a termination of the lease ; and until the lease is determined, his obligation to repair remains in full force.

We think, however, that the rule of damages laid down by the trial court was incorrect. In general the measure of damages is the difference between the rental value of the premises as they were and the rental value of the premises in a proper state of repair. (*Myers* v. *Burns*, 35 N. Y. 269 ; *Hexter* v. *Knox*, 63 id. 561.) The respondent's recovery was not confined within such limits. He

SECOND DEPARTMENT, MAY TERM, 1898.                    [Vol. 30.

was allowed to recover the estimated profits of his business during the period the defendant was in default, the plaintiff having after the fire ceased to carry on business. No such special damages were alleged in the complaint. The allegation that the plaintiff was unable to carry on business on the premises was insufficient. Such damages, if recoverable at all, are recoverable only where the tenant is not only unable to carry on his business on the demised premises, but where his eviction from the demised premises prevents him from carrying on business at all. In fact, the claim for loss of business profits seems inconsistent with the allegations which are the necessary foundation of the cause of action. If the premises were rendered untenantable, then under the terms of the lease the tenancy ceased, and that was the end of the relation between the parties. If the premises were tenantable, it was the duty of the plaintiff to have continued to carry on his business upon them. He might either himself have made the repairs that were necessary and charged the defendant with their cost, or he could recover the diminution in the rental value. He had not the right to abandon the premises unless they were untenantable; and if they were untenantable, then the lease ceased.

The judgment should be reversed and a new trial granted, costs to abide the event.

All concurred.

Judgment reversed and new trial granted, costs to abide the event.