(121 App. Div. 481.)

### NEMROW et al. v. ASSEMBLY CATERING & SUPPLY CO.

(Supreme Court, Appellate Division, Second Department.   October 4, 1907.)

LANDLORD AND TENANT—BREACH OF COVENANT BY LANDLORD—MEASURE OF DAMAGES.

The measure of damages for breach of an agreement by a landlord to properly heat premises leased for a restaurant, and supply sufficient hot water and steam for cooking purposes, is the falling off in receipts, less the value of any food that can be thereafter used.

Appeal from Municipal Court of New York.

Action by Josef Nemrow and others against the Assembly Catering & Supply Company.  Judgment for defendant, and plaintiffs appeal.  Reversed, and new trial ordered.

The action was for damages for breach of contract.  The defendant leased part of a building to the plaintiffs to be used as a restaurant.  The lease contained an agreement by the landlord to properly heat the demised premises and to supply sufficient hot water and steam for cooking purposes.  This agreement was broken on two days.  The plaintiffs proved that the coal supply became exhausted; that the place was so cold that persons who came there to eat would not stay; that the food which had been prepared and cooked on the range could not be kept warm for lack of steam to heat the apparatus used for that purpose, and warm food could not be served for that reason; that customers refused to order or ordered food and left it without paying for it; that the usual daily receipts fell off on the said two days about $80 a day; that the food thus prepared and not used was a total loss, as the portions could not be used next day.  Evidence that the falling off persisted for a day or two was excluded.  The defendant proved that the profit was 60 per cent. of the receipts.

Argued before JENKS, HOOKER, GAYNOR, RICH, and MILLER, JJ.

R. M. Cahoone, for appellants.
Charles S. Carrington, for respondent.

GAYNOR, J.  The justice gave judgment for the defendant on the ground that "there is no proper proof in this case as to damages."  The notion seems to have been that the measure of damages was the difference between the rental value of the place with and without the agreement for heat, hot water and steam being kept.  If this were so, the evidence of falling off of customers and receipts was competent to show a decline in rental or usable value and the extent of it according to the case of Reisert v. City of New York, 174 N. Y. 196, 66 N. E. 731.  But the measure of damages was the falling off in receipts, less the value of any food of the day that could be used thereafter.  The net profit is not the measure of damages, for all of the expenses of the plaintiff, which had to be paid out of the receipts, went on, and they might exceed the net profit.  The rule of the seed cases is applicable.  The crop failing, the expense of labor and money put into it has to be included in figuring up the damage, as well as the net profit.  White v. Miller, 71 N. Y. 118, 27 Am. Rep. 13.  The rule that the measure of damages for breaches of contract includes gains prevented and losses sustained has not been affected by the decision in Witherbee v. Meyer, 155 N. Y. 446, 50 N. E. 58.  That decision only reiterates the limita-

tions of the rule, i. e., the damages must be such as may be made reasonably certain by evidence, and must have been in the contemplation of the parties in making the contract.

The judgment should be reversed.

Judgment of the Municipal Court reversed, and new trial ordered; costs to abide the event. All concur.