VOLGA REALTY CORPORATION, Appellant, v. CHAUNCEY HOLT COMPANY, INC., Respondent.*

(Supreme Court, Appellate Term, First Department, July, 1918.)

Lease — covenants contained in — when tenant may counterclaim for damages arising out of breach of — landlord and tenant.
Damages — deprivation of use of leased premises — actual loss only recoverable.

Where a loft in a building was leased for the business of printing and lithographing, and the landlord covenants to use due diligence in furnishing steam for heating the premises, but the lease provides that the landlord shall not be held responsible for interrupted steam supply, the tenant, in an action for rent, may counterclaim for such damages arising out of the breach of said covenant as may fairly be supposed to have been within the contemplation of the parties when the lease was made.

In an action to recover the rent due for two months, the defendant proved that during one week of the first month there was no heat at all and that for two or three weeks the heat was so diminished as to make it very difficult to continue business on the premises. The difference in rental value by reason of the defective heating was proved by experts to be one-half of the rent claimed. Defendant also proved that during the week when it could not operate at all it paid its workmen, though idle, a certain amount; that during the week when it was able to operate it was compelled to pay over time for workmen whom it had employed in order to do the normal amount of work *per diem* a certain amount, and also paid a certain sum to other printing establishments for the use of machinery similar to that in its own place of business which could not be operated because of the cold. The verdict of the jury was in favor of defendant and equivalent to a finding that it was entitled to a counterclaim equal to the amount claimed by plaintiff. Upon affirming, as modified, the judgment entered upon the verdict, *held*, that, so far as the wages and the cost of the use of other machines went, defendant did no

---

* Received too late for insertion in proper place.—[REPR.

Appellate Term, First Department, July, 1918. [Vol. 104.

more than repair or replace the damage or injury done to it by plaintiff's default, but it was not entitled to recover those damages and also the difference between the rent reserved and the rental value of the premises unheated.

When it recovered the wages of its workmen rendered idle by the cold, the wages of its additional workmen and the cost of the use of machines of others to replace its own which were rendered unavailable by the lack of heat, it was entirely compensated for the lack of heat, and having sought compensation by recovering the actual loss caused by plaintiff's default it cannot also recover for the same loss in another form by way of difference in rental value.

APPEAL by plaintiff from a judgment of the Municipal Court of the city of New York, borough of Manhattan, ninth district, entered upon verdict of a jury.

Kenneth C. Newman (David T. Smith, of counsel), for appellant.

Alfred E. Ommen, for respondent.

BIJUR, J. Plaintiff sued for $470.33, the agreed rental for the months of January and February, 1918, under a lease to defendant of a loft in a building owned by the plaintiff in which it was provided that the lessee would not use any part thereof for any purpose " more dangerous thereto than printing and lithographing." Defendant counterclaimed in the sum of $500 for damage arising out of the breach of the landlord's express covenant in the lease to " use due diligence in furnishing steam for heating the premises * * * but shall not be held responsible for interrupted steam supply * * *."

The tenant proved that during one week in January there was not heat at all, and that during two or three weeks the heat was so much diminished as to make it very difficult to continue business on the premises. By experts it proved that the difference in rental value

by reason of the defective heating was half the amount of the rent claimed, namely, $235; that during the week when it could not operate at all it paid its workmen though idle $259; that during the week when it was able to operate at all it was compelled to pay overtime for workmen whom it had employed in order to do the normal amount of work per diem, $86.36, and also paid to other printing establishments for the use of machinery similar to that in its own place which could not be operated because of the cold, $68.75, a total of $649.11.

The verdict of the jury was in favor of the defendant and equivalent to a finding that defendant was entitled to a counterclaim equal to the amount of plaintiff's claim, namely, $470.33.

Plaintiff claims that the verdict was irregular, but I find no merit in that contention. It contends also that the basis of this counterclaim was negligence, in which I cannot agree with it. It also claims that the verdict ought not stand because defendant brought this damage upon itself. In elaborating this point its counsel also impliedly contends that the defendant did not endeavor to reduce the damages. As to this point it may be said that it was not raised in the court below and cannot, therefore, fairly be considered on this appeal.

But apart from that consideration, it is quite evident that the doctrine as expressed in *Allen* v. *McConihe,* 124 N. Y. 342, and *Huber* v. *Ryan,* 57 App. Div. 34, has no application here because nothing is pointed out whereby the defendant could have reduced the damage nor any means whereby it could have prevented it. Defendant was certainly not bound to speculate on what course might ultimately result in the least cost to remedy the injury done by the landlord, and this was particularly so in this case because

# 584    VOLGA REALTY CORPORATION *v.* HOLT CO., INC.

Appellate Term, First Department, July, 1918.    [Vol. 104.

the tenant could not know how long the lack of heat would last. Auxiliary means of heating which it might procure. might, as matter of fact, prove very much more expensive than the measure of damage ultimately adopted and *vice versa.*

Finally, the plaintiff contends that defendant was not entitled to any '' special '' damages. Just what the appellant means by this term is not explained in detail, but manifestly it refers to the recovery of the wages and expenses of leasing other machinery of which I have spoken. Counsel also contends, though this is not urged in his brief but was presented by due exception to the court's charge, that the tenant was not entitled to both the difference between the rent reserved and the rental value of the premises without heat, and the other damages, but only to one or the other. This exception and objection to the measure of damage adopted raises the question of law upon this appeal.

Much confusion has been caused by failing to distinguish between cases dealing with eviction or failure to give possession of property and those in which the measure of damage for breach of an express covenant to repair or to furnish heat or steam is involved. Of the former class is *Mack* v. *Patchin,* 42 N. Y. 167, 172. All that was there held was that if the eviction is caused without act or fault on the part of the landlord merely nominal damages should be awarded in analogy to the principle applicable to vendor and vendee of real estate, but if the default occurs through the voluntary act or omission of the landlord the tenant is entitled to recover the difference between the rent reserved and the rental value. The latter rule was laid down in opposition to the claim that merely nominal damages might be recovered. It was not intended to determine that in no event can the tenant recover

more. Indeed, the difference between the rent reserved and the rental value is said to express merely the *minimum* amount of damage in *Williamson* v. *Stevens,* 84 App. Div. 518, 521.

In cases where construction, repairs or improvements are involved, we find reference invariably made to *Witherbee* v. *Meyer,* 155 N. Y. 446, and *Thomson-Houston El. Co.* v. *Durant, Land Imp. Co.,* 144 id. 34. In the former, however, the rule of difference in rental value was announced as the correct rule there applicable *as against a claim for profits* which could have been earned had the premises been in the condition warranted. But even there it was recognized (pp. 453, 454) that under appropriate circumstances, and upon proper pleadings, even profits may be recovered. In the *Thomson* case it was held that the tenant might recover the difference in rental value by reason of the failure of the landlord to make repairs rather than be relegated, as the landlord claimed, exclusively to recovering the cost of making the repairs where that practically involved a reconstruction of part of the building. That other damage might also be recovered in an appropriate case was distinctly pointed out at page 47.

These cases, therefore, do not hold in the event of a breach of an express covenant to repair, or, as the case may be, to furnish steam for heat or power or hot water, that the tenant may not recover either the cost of repair or other proximate damage within the contemplation of the parties, even to the extent of recovering profits. On the contrary, if carefully read, they recognize such right. It is entirely rational and consonant with every precedent that the tenant is entitled to be compensated for the breach of covenant on the part of his landlord precisely as he would be for the breach of any other agreement on the part of one

who had contracted with him.    As was said by the Court of Appeals in *Griffin* v. *Colver,* 16 N. Y. 489, 494: '' The broad, general rule in such cases is, that the party injured is entitled to recover all his damages, including gains prevented as well as losses sustained; and this rule is subject to but two conditions. The damages must be such as may fairly be supposed to have entered into the contemplation of the parties when they made the contract, that is, must be such as might naturally be expected to follow its violation; and they must be certain, both in their nature and in respect to the cause from which they proceed.'' It has been repeatedly held that the tenant may recover the cost of doing that which the landlord has agreed to do but has not done. *Schick* v. *Fleishhauer,* 26 App. Div. 210; *Myers* v. *Burns,* 35 N. Y. 269, 270, 272; *Hexter* v. *Knox,* 63 id. 561, 567; *Ely* v. *Fahy,* 79 Hun, 65, 67; *Silberberg* v. *Trachtenberg,* 58 Misc. Rep. 536; *Ely* v. *Spiero,* 28 App. Div. 485, 489. · It seems to me to be clear, however, that where the making of the repair or supplying of the defect by the tenant is not plainly feasible, he may properly recover his actual proximate loss so far as it was within the contemplation of the parties. *Messmore* v. *New York Shot & Lead Co.,* 40 N. Y. 422; *Meyer* v. *Haven,* 70 App. Div. 529, 536, 537; *Levy* v. *Roosevelt,* 131 id. 8; *Griffin* v. *Colver,* 16 N. Y. 489; *Newrom* v. *Assembly Catering-Supply Co.,* 121 App. Div. 481, 483; *Bernstein* v. *Meech,* 130 N. Y. 354, 359; *Friedland* v. *Meyers,* 139 id. 432, 436, 437. See, also *Stevens* v. *State of New York,* 65 Misc. Rep. 240.

In the instant case it is quite evident that defendant's purpose in leasing the loft was known to the plaintiff, it being designated in the lease as for printing and lithographing. This brings the case within the distinction or exception noted in *Thomson-Houston El. Co.* v. *Durant Land Imp. Co., supra,* 144 N. Y. 34,

namely, as a lease for a special purpose. The damages proved by the defendant seem to me also to fall within the distinction expressed in *Griffin* v. *Colver,* of being certain, proximate and within the contemplation of the parties at the time the agreement was made.

Since no question of profits was submitted to the jury, that subject need not be discussed. It seems clear to me that so far as the wages and the cost of the use of other machines go the defendant did no more than repair or replace the damage or injury done to it by the plaintiff's default. But, on the other hand, I am of opinion that defendant was not entitled to recover those damages and also the difference between the rent reserved and the rental value of the premises unheated. When defendant recovered the wages of its workmen rendered idle by the cold and the wages of its additional workmen (overtime) required to do what was the normal weekly work and the cost of the use of the machines of others to replace its own which were rendered unavailable by the lack of heat, it was entirely compensated for the fact that the premises were not heated (except of course as to the item of profits for which no claim is made). Had it so chosen it might have recovered the difference in the rental value and accepted that sum as compensation for the damage, theoretically it would then have had premises adequately heated. Similarly it might have installed some adequate heating appliance with the same result. But having sought compensation by recovering the actual loss caused by the landlord's default, it cannot also recover that loss in another form by way of difference in rental value. See *Drago* v. *Mead,* 30 App. Div. 258–260; *Myers* v. *Burns,* 35 N. Y. 269, 272, 273.

As it is not possible to distinguish in the general verdict the amount awarded by the jury for the several items of damage claimed, the judgment will have to

be reversed and a new trial ordered, with $30 costs to appellant to abide the event, unless within ten days after service of a copy of the order entered hereon with notice of entry the defendant stipulates that the judgment in its' favor be vacated and that a judgment be entered in favor of the plaintiff for the sum of $235.17, with appropriate costs in the court below, in which event the judgment as so modified is affirmed, without costs to either party.

GUY and WEEKS, JJ., concur.

Judgment modified, and as so modified affirmed, without costs to either party.