CRONK & CARRIER MANUFACTURING COMPANY, Respondent,
*v.* GALBRAITH MILLING COMPANY, Appellant.

Third Department, May 17, 1921.

**Sales — action to recover purchase price of gasoline engine — contract of sale or return — title passed on delivery by seller to railroad for shipment — buyer liable for purchase price where he failed to return engine within time limited, though engine destroyed by explosion before test or trial.**

An order for a gasoline engine, which read in part as follows: " You may ship us the 50 HP Gasoline Engine at 550.00 f. o. b. cars Montour Falls, N. Y. 30 days net. If the engine does not do our work we to ship it elsewhere after giving it a trial," and the shipment of the engine by the seller constituted an absolute contract of sale, with an option on the part of the buyer to rescind the sale and to return the engine, and the title passed to the buyer immediately on delivery to the railroad at the point of shipment.

The buyer not having returned the engine within the time limited by the contract was liable for the contract price, though the engine exploded and was destroyed, without any negligence on the part of the buyer, before it could be tested or tried.

APPEAL by the defendant, Galbraith Milling Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Chemung on the 11th day of July, 1919, upon the decision of the court rendered after a trial at the Chemung Trial and Special Term without a jury.

*John F. Connor,* for the appellant.

*Lewis Henry,* for the respondent.

Judgment unanimously affirmed, with costs, on the opinion of Mr. Justice McCANN at the Trial Term.

The following is the opinion of the court below:

McCANN, J.:

This action is brought by plaintiff to recover $550 as the purchase price of a certain gasoline engine alleged to have been sold by plaintiff to defendant under a written contract.

The answer denies the material allegations of the complaint and alleges, as a separate defense, that the engine in question was shipped by plaintiff to defendant under an agreement, prior to the written one, and pursuant to which plaintiff was to deliver the engine to defendant for trial, with the understanding that if the engine was unsatisfactory, the defendant was privileged to deliver the same to the railroad for shipment to any point directed by the plaintiff. The answer also alleges that after receiving the engine, defendant set up the same for operation, but that before it could be used, tested or tried, it exploded and was wrecked and destroyed without any negligence on the part of the defendant.

The case was brought to trial before a jury. Plaintiff offered in evidence the written instrument under which it claimed. It was received, marked " Exhibit A " and reads as follows:

" MT. MORRIS, N. Y., *July* 29, '14

" THE CRONK & CARRIER MFG. CO.

" Elmira, N. Y.:

" You may ship us the 50 HP Gasoline Engine at 550.00 f. o. b. cars Montour Falls, N. Y.   30 days net.   If the engine does not do our work we to ship it elsewhere after giving it a trial.

" Advise the size of bed plate at once and if you can do so let them know where the bolts come.

" Yours truly,

" GALBRAITH MFG. CO.

" Ship at once.                    Ship via quickest route."

At the close of the plaintiff's case the defendant offered to make proof of the installation and trial of the gasoline engine by the defendant. Objection was offered and after

some discussion a stipulation was entered into as follows: " It is stipulated that if the contract, Exhibit A is a contract of sale *in presenti,* to take effect upon delivery to the railroad company of the machine or that the title passed upon such delivery, then the plaintiff is entitled to recover in this action; but that if it is a contract of sale, with the privilege of trial before the title passed, then the plaintiff is not entitled to recover in this action, and the only question is the question raised under this stipulation and to be left to the court to determine."

After making such stipulation, both parties moved for the direction of a verdict. The question therefore, becomes a matter of law and the decision of it depends upon the interpretation of the above written order or contract.

I believe that the contract in question is a contract of absolute sale, with an option on the part of the defendant to rescind the same and to return the engine and that the title passed upon the delivery of the engine to the cars at Montour Falls, N. Y., such delivery being conceded by the stipulation.

The letter from the defendant to plaintiff contains a direct order for a shipment, at a specified price and delivery to a specified place. The purchase price is named, also the terms under which payment is to be made. It only remained for the plaintiff to accept this order and to deliver the engine in question on board the cars as indicated, to make the contract complete and binding upon both parties thereto. The defendant claims that the language " if the engine does not do our work we to ship it elsewhere after giving it a trial," brings the contract within the class of cases which permit a trial of the article purchased, before the sale is completed, and nearly all of the cases cited by defendant are those in which a trial preceded the actual purchase.

In this case, all of the conditions of the contract had been performed upon the part of the plaintiff and the sale was completed and there was nothing further for plaintiff to do. At the expiration of thirty days after delivering the engine on the cars at Montour Falls, plaintiff was in a position to commence action for the recovery of the purchase price. It remained for the defendant to make the trial and test referred to, and if, after such trial, the engine was found to be defective

or would not do defendant's work, it was the duty of the defendant to return it. Until such return the engine was the property of defendant and any loss sustained by it due to the injury to the engine by explosion or otherwise, was a loss which fell upon the owner, or in other words, the defendant.

Rule 3, as laid down in section 100 of the Personal Property Law (as added by Laws of 1911, chap. 571), is applicable in arriving at the intention of the parties herein:

" Rule 3.   1. When goods are delivered to the buyer ' on sale or return ' or on other terms indicating an intention to make a present sale, but to give the buyer an option to return the goods instead of paying the price, the property passes to the buyer on delivery, but he may revest the property in the seller by returning or tendering the goods within the time fixed in the contract, or, if no time has been fixed, within a reasonable time."

The rule has also been clearly stated in *Greacen* v. *Poehlman* (191 N. Y. 497), where the court in quoting from another opinion says:  " The contract in this case belongs to a class of contracts often called ' contracts of sale or return ' being upon a condition that the buyer may return the goods within a fixed or reasonable time at his option.   It has been held that goods so sold pass to the purchaser, subject to the option in him to return them, and that if he fails to exercise the option within the proper time the price of the goods may be recovered as upon an absolute sale."

I find, therefore, that the contract in question was a contract of sale, which was completed upon the part of the plaintiff by delivery of the engine in question and that the plaintiff is, therefore, entitled to recover.

Judgment is ordered accordingly.