Harry Reichbart, Respondent, *v.* Smith-Eisemann Corporation of America, Appellant.

First Department, January 13, 1922.

Sales — title does not pass to buyer on signing contract by virtue of Personal Property Law, § 100, rule 1, where it was not intention of parties — contract governed by Personal Property Law, § 100, rule 5 — delivery necessary to pass title — seller not entitled to recover purchase price but remedy is for failure of buyer to accept delivery or to resell and bring action for loss sustained — common-law right of action for purchase price based upon tender and refusal of buyer to accept changed by Sales of Goods Act — that complaint may state cause of action at common law immaterial.

The title did not pass to the buyer immediately on the signing of a contract of sale, by virtue of rule 1 of section 100 of the Personal Property Law, where said contract provided that " this merchandise is now in transit, \* \* \* and is to be delivered to you if and when received by us," for there was not an unconditional contract of sale and the contract shows that it was not the intention of the parties that title should pass.

Such a contract comes under rule 5 of section 100 of the Personal Property Law and in order for property in the goods to pass to the buyer there must be delivery and acceptance.

Therefore, the seller is not entitled under such contract to recover the purchase price based upon a tender of the goods, and refusal of the buyer to accept them, for the common-law rule has been changed by the Sales of Goods Act and the seller's remedy is an action for damages by reason of failure of the buyer to accept delivery, or a resale and an action for the loss sustained; but sufficient facts are not alleged in the complaint to sustain either of these causes of action.

It is immaterial that the complaint may state a cause of action at common law, for the common-law rule no longer applies.

Appeal by the defendant, Smith-Eisemann Corporation of America, from an order of the Supreme Court, made at the Bronx Special Term and entered in the office of the clerk of the county of Bronx on the 12th day of May, 1921, denying defendant's motion for judgment on the pleadings, consisting of a complaint and an amended answer.

*A. Bertram Samuels* of counsel [*John E. Leddy* with him on the brief], for the appellant.

*George J. Gruenberg* of counsel [*Peter A. Abeles*, attorney], for respondent.

Page, J.:

The action is to recover the sales price on a contract for the sale of goods, which is annexed to the complaint and reads as follows:

"Exhibit A.

" *January* 21st '20.

" Smith-Eisemann Corp. of America

" 217 Broadway,

" New York City:

" Gentleman.— We herewith confirm having sold you the following merchandise:

" 10,000 French Moles (firsts)    at 35c......... $3,500.00
" 5,000    "    "    (seconds)    at 20c........  1,000.00

" Terms:    10% net cash upon the signing of this agreement to bind the sale; balance to be paid in cash upon the arrival of this merchandise.

" Conditions:    It is understood that this merchandise is now in transit, bound for New York, and to the best of our information is due to arrive within two to four weeks, and is to be delivered to you if and when received by us. We are not to be held responsible for delays or inability to deliver due to strikes, fire, etc., or for any contingency beyond the shipper's control. In such an event deposit will be refunded, and the sale cancelled without any further claims, subject to N. Y. arbitration.

" Yours very truly,

"Accepted:                                    H. REICHBART.

" Smith-Eisemann Corp. of America,

" Seliom W. Smith,

" *Treasurer.*"

It is claimed by the plaintiff that the title passed to the purchaser immediately on the signing of the contract, by virtue of  section 100, rule 1, Personal Property Law (as added by Laws of 1911, chap. 571). In my opinion this contract does not come within that rule, for the reason that

(1) This was not an unconditional contract of sale. The conditions  stated in the contract were that the goods were in transit and were to be delivered if and when received by the seller;

(2) The contract itself shows that it was the intention of the parties that title should not pass. The delivery was to be made to the buyer, and the goods remained at the seller's risk until delivered.

In my opinion this case comes under rule 5 of section 100 of the Personal Property Law (as added by Laws of 1911, chap. 571), which reads as follows:

"Rule 5. If the contract to sell requires the seller to deliver the goods to the buyer, or at a particular place, or to pay the freight or cost of transportation to the buyer, or to a particular place, the property does not pass until the goods have been delivered to the buyer or reached the place agreed upon."

Although contracts for delivery usually specify a particular place, and all the cases deal with this provision, it will be noted that the statute says: " If the contract to sell requires the seller to deliver the goods *to the buyer, or* at a particular place." In order for the property in the goods to pass to the defendant there had to be a delivery. Tender of delivery is not sufficient (as it was at the common law of New York State before the passage of the Sales of Goods Act). (*Pottash* v. *Cleveland-Akron Bag Co.*, 197 App. Div. 763, 769.) There must be an acceptance by the buyer now to constitute a delivery. You can no longer force a title on an unwilling purchaser.

The plaintiff's cause of action is for damages by reason of failure of the buyer to accept delivery (Pers. Prop. Law, § 132, as added by Laws of 1911, chap. 571), or a resale and an action for the loss sustained. Sufficient facts are not alleged in the complaint to sustain either of these causes of action.

The plaintiff contends that the motion should not have been granted, for the reason that it stated a good cause of action at common law, and if a complaint states any cause of action, a demurrer cannot be sustained. The statute, however, has changed the common law of this State, so that there exists now no common-law right of action for the purchase price, based upon a tender of goods and refusal of the buyer to accept them.

The order should be reversed, with ten dollars costs and disbursements, and the defendant's motion granted, with ten

dollars costs, with leave to plaintiff to serve an amended complaint within ten days upon payment of such costs.

CLARKE, P. J., DOWLING, MERRELL and GREENBAUM, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs, with leave to plaintiff to serve amended complaint in ten days on payment of said costs.