NATHAN GOLDSTEIN, Plaintiff, v. 104 SECOND AVENUE REALTY CORPORATION, Defendant.

City Court of the City of New York, Trial Term, New York County, February 4, 1949.

*Julius L. Goldstein* for plaintiff.

*Bernard Wolf* for defendant.

CAPOZZOLI, J. This is an action brought by the plaintiff to recover damages because of the defendant's alleged breach of a covenant contained in a written lease. The plaintiff, pursuant to the terms of the lease, was a tenant of the defendant and,

as such, occupied a store on the defendant's premises and used it as a candy store, ice-cream parlor and luncheonette. The covenant upon which the plaintiff relies reads: " That in case the building or buildings erected on the premises hereby leased shall be partially damaged by fire, the same shall be repaired as speedily as possible at the expense of the landlord." The proof conclusively establishes that a fire occurred on May 12, 1946, and the store occupied by the plaintiff was seriously damaged, so as to prevent the plaintiff from continuing his business until repairs were made. The theory of the plaintiff's cause of action is to be found in his contention that the defendant failed to repair the premises speedily, but that instead unnecessarily delayed the making of these repairs, resulting in the plaintiff's inability to continue the business for which purpose he had leased the store in question. The plaintiff demands judgment against the defendant to compensate him for the damage which he has sustained and which is limited, in the complaint, to loss of profits.

The case was tried before the court, without a jury. The court is satisfied that, from all the evidence in the case, the defendant did unnecessarily delay the making of the repairs, following the fire, as a result of which the plaintiff was prevented, for a time, from conducting his business. The question is presented as to whether the plaintiff can recover for loss of profits under the circumstances in this case.

The cases are far from harmonious on this subject. In *Saffer* v. *Levy* (88 N. Y. S. 144) it was held by the Appellate Term that the measure of damages for breach of a lessor's covenant to repair as speedily as possible, in case of the partial destruction of the leased premises by fire, is the difference between the rental value of the portion of the premises partially destroyed, in the condition it was in as destroyed, and the condition it would have been in if properly repaired, from the time it should have been repaired. It excluded recovery for loss of profits from the business. See *Drago* v. *Mead* (30 App. Div. 258) where it was held that the measure of damages is the difference between the rental value of the premises as they were and the rental value of the premises in a proper state of repair. (Also, see, *Godfrey* v. *India Wharf Brewing Co.*, 87 App. Div. 123; *Reischmann* v. *Hartog Candy Co.*, 132 N. Y. S. 435.)

Were the aforesaid cases to stand alone this court would have no hesitancy in deciding that the plaintiff cannot recover for loss of profits. However, as is hereinafter demonstrated, these cases are challenged by many others. " The general rule

is * * * that the party injured is entitled to recover all of his damages, including gains prevented as well as losses sustained, but this rule is subject always to two conditions:

" *First,* that the damages shall be such as must have been fairly within the contemplation of the parties to the contract at the time it was made; and,

" *Second,* they must be certain, not only in their nature, but as respects the cause from which they proceed, for the law wisely adopts that mode of estimating damages which is most definite and certain." (*Witherbee* v. *Meyer,* 155 N. Y. 446, 449–450. Also, see, *Griffin* v. *Colver,* 16 N. Y. 489.)

In the case of *Ganson* v. *Tifft* (71 N. Y. 48) it is held that the measure of damage for breach of covenant by the lessor to rebuild premises destroyed by fire might include the difference between the value of the lease for the unexpired term and the stipulated rent, taking into consideration any future profits which might arise from an association of the owners of elevators of which the lessee was a member.

In cases of leases for hotel purposes, where the landlord breaches a covenant to repair, the tenant is allowed to recover the value of the use of certain rooms in the hotel for hotel purposes during the time they are rendered untenantable because of the failure of the landlord to perform the covenant. (*Myers* v. *Burns,* 35 N. Y. 269; *Hexter* v. *Knox,* 63 N. Y. 561.) The two last-cited cases " fall within a well-defined class, which permits a recovery on a breach of contract of damages which it may be found were contemplated by the parties when the contract was made, as a consequence of the breach of the covenant." (*Thomson-Houston Electric Co.* v. *Durant Land Improvement Co.,* 144 N. Y. 34, 47, 48.)

In the case of *Snow* v. *Pulitzer* (142 N. Y. 263) the court allowed recovery of profits that the plaintiff could have made in his business if same had not been broken up by the acts of the defendant.

The measure of damages for breach by the lessor of his covenant to heat premises leased for a restaurant and to supply sufficient hot water and heat for cooking purposes is not the difference between the rental value of the place with and without the hot water and steam, but, rather, the compensation for loss suffered by falling off in receipts. (*Nemrow* v. *Assembly Catering & Supply Co.,* 121 App. Div. 481.)

In the case of *Volga Realty Corp.* v. *Holt Co.* (104 Misc. 581) the Appellate Term of this department said (p. 585):

" In cases where construction, repairs or improvements are involved, we find reference invariably made to *Witherbee* v. *Meyer,* 155 N. Y. 446, and *Thomson-Houston El. Co.* v. *Durant Land Imp. Co.,* 144 id. 34. In the former, however, the rule of difference in rental value was announced as the correct rule there applicable *as against a claim for profits* which could have been earned had the premises been in the condition warranted. But even there it was recognized (pp. 453, 454) that under appropriate circumstances, and upon proper pleadings, even profits may be recovered. *     *     *

" These cases, therefore, do not hold in the event of a breach of an express covenant to repair, or, as the case may be, to furnish steam for heat or power or hot water, that the tenant may not recover either the cost of repair or other proximate damage within the contemplation of the parties, even to the extent of recovering profits. On the contrary, if carefully read, they recognize such right." (Underlineation ours.)

While earlier decisions generally excluded lost profits as an element of recoverable damages in both actions for breach of contract and tort, under modern practice the right to recover profits is now generally determined by the same rules as govern the recovery of other damages. It may, therefore, be said that lost profits are recoverable in cases involving breach of contract, when they may reasonably be supposed to have been within the contemplation of the parties when the contract was made, as the probable result of its violation, and where such profits are shown with a reasonable degree of certainty. (8 R. C. L., Damages § 62, p. 501; 15 Am. Jur., Damages, § 158.)

After a careful consideration of the cases on the subject, and a review of the evidence, the court believes that the plaintiff is entitled to judgment. The business involved in the case at bar was an established one, successfully conducted for such a length of time that the profits thereof are reasonably ascertainable. Therefore, the court directs judgment in favor of the plaintiff in the sum of $500.

Findings of fact and conclusions of law having been waived, the clerk is directed to enter judgment accordingly. Ten days' stay of execution of judgment and thirty days to make and serve a case.