KORDE CORPORATION, Appellant, *v.* CASINO CLASSICS, INC., Respondent.

First Department, November 25, 1952.

*A. Aaron Raphael* of counsel (*Kenneth Carroad,* attorney), for appellant.

*Sidney J. Loeb* of counsel (*David J. Landau* with him on the brief; *David J. Landau,* attorney), for respondent.

CALLAHAN, J. The plaintiff sues to recover the purchase price of goods sold to the defendant.

On February 2, 1951, the defendant ordered 5,000 yards of lace from the plaintiff at $1.85 a yard for delivery within two weeks. It appears that the plaintiff regarded the contract as requiring the seller to make delivery at the buyer's place of business. On February 26, 1951, the plaintiff delivered the goods to its carrier, who tendered the same at the defendant's factory on the following day. The defendant, however, refused to accept the goods. Thereafter the seller notified the defendant that the goods had been made up to the special order of the buyer and were being held for the latter's account, subject to

resale on failure to advise regarding shipping instructions. Subsequently, the plaintiff resold a portion of the lace for the best price obtainable in the market.

The trial court took the case from the jury and directed judgment in the defendant's favor. It held (1) that the seller's default in timely delivery had not been waived as a matter of. law, and (2) that a resale of the buyer's goods was inconsistent with an action for the price.

The plaintiff offered evidence to the effect that subsequent to the delivery date as per contract an officer of the defendant approved sample swatches of the lace as to color and stated that he wanted the delivery complete. In other words, the buyer was unwilling to take delivery in installments. This testimony was introduced to establish waiver or modification of the contract in respect to time of delivery. In our opinion it was sufficient to create an issue of fact in this regard ordinarily for the determination of a jury.

Assuming a transfer of the property in the goods, we likewise think that a resale in foreclosure of the unpaid seller's lien is not inconsistent with an action for the price. The buyer would be entitled to an allowance or credit measured by the proceeds of such resale. (See Personal Property Law, § 141; *D'Aprile* v. *Turner-Looker Co.*, 239 N. Y. 427.) The fact that such resale of the goods preceded the action for the price is not material.

From this, however, it does not follow that the plaintiff is entitled to recover the purchase price of the goods in this action. While we believe that the trial court was in error as to waiver of delivery date under the contract of purchase and the effect of resale of the goods, nevertheless a judgment for the defendant was proper in the circumstances of this case. " If, however, the decision is correct we should not reverse because the reasons given therefor are inadequate." (*Wille* v. *Maier*, 256 N. Y. 465, 471; see, also, *Wenner* v. *Prudential Ins. Co.*, 246 App. Div. 613, 614, affd. 271 N. Y. 572, and *Goodrich* v. *Ross-Ketchum Co.*, 274 App. Div. 157.)

This is not a case where the buyer has wrongfully refused to pay the price under a contract fixing a day certain for payment irrespective of delivery of the goods or transfer of title (Personal Property Law, § 144, subd. 2). The plaintiff in this action can only succeed on allegation and proof that the property passed to the buyer or that the goods were not readily resalable for a reasonable price (Personal Property Law, § 144, subds. 1, 3). While it is not entirely clear as to the

ground on which the plaintiff has predicated its cause of action, we determine that it must fail on either theory.

Whether or not the property in the goods has passed to the defendant depends on the intention of the parties. The contract itself does not say in so many words when the property interest should pass to the buyer, nor is there anything in the conduct of the parties or circumstances of the case explicitly bearing on their intention to transfer the property in the goods. Perforce, we must have recourse to the ordinary rules of presumption in ascertaining the intention of the parties in this regard (Personal Property Law, § 100).

The cast of the pleadings and proof in this case reflect the plaintiff's understanding of its obligation to deliver the lace at the buyer's place of business. We think, therefore, that the case is governed by rule 5 of section 100 of the Personal Property Law reading as follows: " Rule 5. If the contract to sell requires the seller to deliver the goods to the buyer, or at a particular place, or to pay the freight or cost of transportation to the buyer, or to a particular place, the property does not pass until the goods have been delivered to the buyer or reached the place agreed upon."

In our view the instant case is not unlike the situation discussed in *Reichbart* v. *Smith-Eisemann Corp.* (199 App. Div. 571, 573), as follows: "Although contracts for delivery usually specify a particular place, and all the cases deal with this provision, it will be noted that the statute says: ' If the contract to sell requires the seller to deliver the goods *to the buyer, or* at a particular place.' In order for the property in the goods to pass to the defendant there had to be a delivery. Tender of delivery is not sufficient (as it was at the common law of New York State before the passage of the Sales of Goods Act). (*Pottash* v. *Cleveland-Akron Bag Co.*, 197 App. Div. 763, 769.) There must be an acceptance by the buyer now to constitute a delivery. You can no longer force a title on an unwilling purchaser."

Even assuming, however, that the case is governed by rule 4 of section 100 of the Personal Property Law (as the defendant suggests), it does not appear that the property in the goods described in the contract ever passed to the buyer. There is no showing of any assent by the buyer to the plaintiff's appropriation of the goods in fulfillment of the bargain.

It is clear, therefore, that the plaintiff cannot prevail in this action for the price on the ground that the property in the goods passed to the defendant (Personal Property Law, § 144, subd. 1).

It is also plain that the plaintiff cannot succeed on the theory that the goods were not readily salable in the ordinary course of the seller's business (Personal Property Law, § 144, subd. 3). The evidence shows that the plaintiff was able to dispose of a part of the goods at the same or more than the purchase price.

Whatever remedy may be available to the plaintiff must be sought in some other form of action. (See *Reichbart* v. *Smith-Eisemann Corp., supra; American Aniline Products* v. *Nagase & Co.,* 187 App. Div. 555.)

The judgment appealed from should be affirmed, with costs to the respondent.

PECK, P. J., DORE and COHN, JJ., concur.

Judgment unanimously affirmed, with costs.