HENRY-CLARK HOLDING CORP., Respondent, v. JACKLINE REALTY CORP., Appellant.— In an action by a lessee against its lessor for damages and the return of moneys deposited with the lessor under the lease, based on allegations of breach of the lease on the part of the lessor, defendant appeals from an order denying its motion for summary judgment. Order reversed on the law, with $10 costs and disbursements, and motion granted, with $10 costs. The premises in question had been damaged by fire prior to the making of the lease, and section 2 of article fifteen of the lease required the lessee to restore the premises, and required the lessor to "reimburse" the lessee to the extent of $35,000 of the cost of the restoration. We do not regard the said obligation of the lessor to be that it make payment to the lessee before the latter itself has made all its payments for the cost of the restoration. Article nine of the lease conditions the said obligation on the part of the lessor upon the issuance of a certificate of an architect, upon completion of the work, and upon the furnishing of proof that there will be no lien placed on the property by reason of the restoration. The papers on appeal establish that there is no triable issue as to these matters. Further, the lessor's covenant to reimburse the lessee for the cost of the restoration was independent of the lessee's obligations (see *Drago* v. *Mead,* 30 App. Div. 258), and therefore, even if the lessor had breached its said covenant, the lessee would not thereby be privileged to terminate the lease. Wenzel, Acting P. J., Schmidt, Murphy and Ughetta, JJ., concur; Beldock, J., dissents and votes to affirm, with the following memorandum: The parties seem to have used the word "reimburse" in the sense of payment by the landlord on behalf of the tenant, rather than payment by the landlord only after the tenant has made payment. (See art. Nine, § 3, of the lease.) Under the contract of lease, the final payment to be made by the landlord amounted to only 10% of the

$35,000 agreed to be paid by the landlord toward the cost of restoration, which final payment was to be made only after the work of restoration was completed and no liens filed. Therefore, the tenant was entitled to at least $8,000 of the $11,500 demanded, without proof that the work had actually been completed and that no liens attached. That is sufficient to deny defendant's motion for summary judgment.