Harold Baer, J.
This case was tried before the court without a jury. Findings of fact and conclusions of law were waived by all parties.
Plaintiff, Consolidated Box Company, hereinafter called “Consolidated” sued defendant, Isadore Penn, hereinafter called “Penn” for $3,500, the purchase price of a nailing machine.
Penn brought a third-party action against Isadore Pedowitz, a trucker, hereinafter called “ Pedowitz ”, for negligently breaking the nailing machine while transporting it.
On September 13, 1951 Consolidated and Penn entered into a sales agreement, the legal purport of which, as I interpret it, was a “ sale or return ” (Personal Property Law, § 100, rule 3, subd. 1; Greacen v. Poehlman, 191 N. Y. 493; Bernadette, Joseph & Co. v. Van Buren, 212 App. Div. 702).
Penn sought to introduce oral testimony to explain an asserted ambiguity in the agreement, and to show that the transaction was a ‘ ‘ sale on approval ’ ’ pursuant to Personal Property Law (§ 100, rule 3, subd. 2). I do not find ambiguity in the written instrument.
Moreover, assuming Penn’s position on this issue, title nevertheless would have passed to him, since he did not return the machine or tender its return during the time fixed for its return (Personal Property Law, § 100, rule 3, subd. 2, par. [b]) nor did Penn show by a fair preponderance of the credible evidence that Consolidated waived this condition.
On November 27, 1951 Consolidated agreed, upon condition that Penn pay $72 to cover certain expenditures incurred, to accept the return of the machine and Penn agreed to deliver it to Consolidated’s premises in North Bergen, New Jersey. It was while the machine was being transported to North Bergen, New Jersey, that Pedowitz broke it. Consolidated refused to accept it in that condition and when Pedowitz tendered it back to Penn, he similarly rejected it. Pedowitz then stored the machine in his warehouse and then allegedly gave it to a scrap man for no consideration.
Since under the agreement of November 27, 1951 Penn was under a duty to “deliver” the machine to Consolidated’s premises and failed to do so, title still remained in Penn at the time the machine was broken (Personal Property Law, § 100, rule 5; Reichbart v. Smith-Eisemann Corp., 199 App. Div. 571; Korde Corp. v. Casino Classics, 280 App. Div. 740). Consequently, it follows that Penn must bear the risk of the loss. Consolidated was not obligated to accept the return of the machine in any condition other than in which it was when it *707 was delivered to Penn (Cronk & Carrier Mfg. Co. v. Galbraith Milling Co., 197 App. Div. 568; Whitney, Sales [4th ed.], § 365, p. 97 et seq.).
The only substantial question which remains is that of the damages involved. There is no real controversy as to negligence since Pedowitz, his agents or employees admittedly dropped and caused the machine to break in two.
Some question has been raised by Pedowitz concerning the bill of lading. The point is raised that since the consignor is Penn Cork & Closures Inc. and not Penn, that Penn is not the real party in interest and cannot maintain this action (the third-party action herein) against Pedowitz. This is a specious argument. It is patently obvious, if not admitted, that all of the parties herein were dealing with Penn at all times. The injection of Penn Cork & Closures Inc., a corporation in which Penn was a principal, was occasioned by the use of a printed form bill of lading as a convenience by Penn and Pedowitz.
Normally, where the subject matter of a sale is destroyed or seriously damaged, when the buyer has title, the measure of damages is the agreed purchase price. Here, there was a novation and the agreement of November 27, 1951 supplanted tba original agreement and the agreed purchase price included herein. Where there is no agreed purchase price, it is axiomatic that the measure of damages is the fair market value at the time and place of delivery (Cronk & Carrier Mfg. Corp. v. Galbraith Milling Co., 197 App. Div. 568, supra; Reis v. Long Is. R. R. Co., 88 App. Div. 611; 1 Clark, New York Law of Damages, § 435, p. 748).
Of all the testimony offered on the question of value I am most impressed with that of the expert witness, Fulmore. He testified that the machine, which was 10 years old had an original value of approximately $3,100. That in November of 1951 its fair market value was approximately 50% to 55% of its original cost — this notwithstanding that the Korean War was on and the market somewhat inflated.
Accordingly, I find for the plaintiff, Consolidated, against the defendant, Penn, in the amount of $1,700, plus interest from November 28, 1951 (the date the machine would have been delivered to Consolidated, but for Pedowitz’ negligence).
As between the defendant and third-party plaintiff Penn and the third-party defendant Pedowitz, different rules of law are applicable to determine the measure of damages.
Generally, the measure of damages for injury to property resulting from negligence is the difference in the market value immediately before and immediately after the accident, or the *708 reasonable cost of repairs necessary to restore it to its former condition, whichever is the lesser (Hartshorn v. Chaddock, 135 N. Y. 116; Parilli v. Brooklyn City R. R., 236 App. Div. 577; Johnson v. Scholz, 276 App. Div. 163).
Further, as a general rule, the law requires that a party subject to injury must take all reasonable precautions to reduce or minimize the consequential damage. Failure of an injured party to make a reasonable effort to minimize damages resulting from negligence does not bar recovery entirely but merely prevents recovery of such damage as might have been avoided by reasonable effort on his part (Norske Ameriekalinje v. Sun Print. & Pub. Assn., 226 N. Y. 1, 7; Lanite Sales Co. v. Klevens Corp., 205 Misc. 303; 1 Clark, New York Law of Damages, § 106, p. 188 et seq.).
In this connection it should be noted, that the extent of the injured party’s duty is that he take reasonable means to mitigate the damage. He is under no obligation to take extraordinary or costly measures, or measures the efficacy of which is doubtful (Leonard v. New York & etc. Tel. Co., 41 N. Y. 544, 565; Allen v. McConihe, 124 N. Y. 342, 347; Volga Realty Corp. v. Holt Co., 104 Misc. 581; Cross & Brown Co. v. Von Walde, 177 N. Y. S. 170; 1 Clark, New York Law of Damages, § 109, p. 192 et seq.).
Finally, in order to prevent a recovery of the full consequential damages, on the ground that the injured party willfully or negligently failed to minimize the damages, the burden is on the wrongdoer to prove the willful or negligent failure to mitigate damages. It is also incumbent on the wrongdoer to show that the damages would in fact have been diminished if certain measures had been taken (Hamilton v. McPherson, 28 N. Y. 72, 77; Milage v. Woodward, 186 N. Y. 252; People's Gas & Elec. Co. v. State of New York, 189 App. Div. 421, 424; 1 Clark, New York Law of Damages, § 111, p. 197 et seq.).
Applying these principles to this case I find that while there was some testimony that the machine could have been welded, the third-party defendant, Pedowitz, wholly failed to sustain his burden of proving that the machine had any value after it was broken. Further, he failed to prove that the machine could have, through reasonable measures or costs, been restored to its original condition. On the contrary, Pedowitz in his examination before trial stated that he gave the machine to a scrap dealer for nothing — just to have it carted away.
I have been given no criterion whereby I can measure the value of the machine in the condition that it was after it was damaged — neither do I have any convincing proof that Penn *709 could have taken any reasonable measure to diminish the damages by fixing the machine.
Accordingly, I find for Penn on his third-party action against Pedowitz in the amount of $1,700. Further, in the exercise of discretion afforded to me I award interest from November 28, 1951, the date the machine was damaged (Flamm v. Noble, 296 N. Y. 262; Johnson v. Scholz, 276 App. Div. 163, supra).
Judgment for plaintiff, Consolidated against Penn in the amount of $1,700, plus interest from November 28,1951.
Judgment for third-party plaintiff, Penn over against the third-party defendant, Pedowitz, in the amount of $1,700, plus interest from November 28, 1951.
Ten days’ stay. Thirty days to make a case.