Oneida County v DiCastro (2004 NY Slip Op 24266)

Oneida County v DiCastro

2004 NY Slip Op 24266 [5 Misc 3d 187]

July 9, 2004

Supreme Court, Oneida County

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

As corrected through Wednesday, November 3, 2004

[*1]
Oneida County, Petitioner,
v
James DiCastro, Respondent.
Supreme Court, Oneida County, July 9, 2004

APPEARANCES OF COUNSEL

Russell D. Johnson, Jr., for respondent. Raymond F. Bara for petitioner.

{**5 Misc 3d at 187} OPINION OF THE COURT

Robert F. Julian, J.
In this case, the respondent asks the court to make a first impression {**5 Misc 3d at 188}finding that Public Health Law § 1306 and the Oneida County Sanitary Code require the lowest responsible bidder to remediate a building deemed to be a public nuisance pursuant to the Public Health Law and Sanitary Code or, in the alternative, that the County failed to mitigate damages.
The respondent's building, which is located at 114 Main Street, Camden, New York, was undisputedly a public nuisance. After the respondent defaulted at an administrative hearing brought under the Oneida County Sanitary Code, the County applied to this court for an order permitting the County to correct specific structural violations of the Sanitary Code existent on respondent's building. After several requests for adjournment by the respondent, the application was granted without objection. The County Public Works Department unsuccessfully sought competitive bids for a contractor to perform specific repairs but they were unable to get interested bidders. Thereafter the County retained a contractor who remediated the building pursuant to a contract that set forth an hourly rate consistent with commercial carpentry work. The total cost of the work performed was $10,305.40. The respondent contends that if the [*2]residential rate for carpentry work was utilized by the County, the cost should not have been more than $6,150. Respondent's expert testified that the cost of repairs in this case were excessive, but also acknowledged that he was solicited to bid this project by the County and declined. Viewing the respondent's argument in part as an assertion that the County has failed to minimize or mitigate damages, the proof in this case clearly demonstrates reasonable diligence by the County to secure this property promptly at an acceptable cost. The respondent failed to meet its burden to prove a willful or negligent failure to mitigate damages. (Consolidated Box Co. v Penn, 15 Misc 2d 705 [Sup Ct, NY County 1958].) There has been no persuasive showing that a properly qualified contractor was prepared to do this job at respondent's preferred price in a timely manner.
This is not a public works project performed on public property that is a part of the ordinary construction and repair function of the County Public Works Department. According to 113 NY Jur 2d, Words and Phrases (1993), "Public works means all works constructed for public use, protection, or enjoyment, ordinarily of a fixed nature" (at 385). Pursuant to section 103 (1) of the General Municipal Law, a competitive bid was not required in any event as amounts under $20,000 are not subject to competitive bid. While the County has the general duty to not {**5 Misc 3d at 189}incur unreasonable costs, that does not mean it has a duty to find the lowest responsible contractor when remediating a nuisance. A public nuisance of this type constitutes an emergency and the County's first obligation is to make certain the nuisance is abated promptly in the interest of public safety. There is no statutory requirement that the remediation must be performed at the lowest cost, rather article 1306 of the Public Health Law and the Sanitary Code provide only that the cost of the remediation is to be charged to the property owner.
The County has acted entirely consistent with the statutory law of the State and the County Administrative Code and has not intentionally or negligently failed to mitigate damages.